## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LTD.,<br>TAP PHARMACEUTICAL PRODUCTS INC., and<br>ETHYPHARM, S.A.<br><br>        Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC., and<br>TEVA PHARMACEUTICAL INDUSTRIES LTD.<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)      C.A. No. 07-331-SLR |

## TEVA PHARMACEUTICALS USA, INC.'S AND
## TEVA PHARMACEUTICAL INDUSTRIES LTD.'S
## ANSWER, DEFENSES, AND COUNTERCLAIMS

Defendants, Teva Pharmaceuticals USA, Inc. ("Teva USA") and Teva Pharmaceutical Industries Ltd. ("Teva Ltd.") (collectively "Teva"), respond to the numbered paragraphs of the Complaint filed by Plaintiffs, Takeda Pharmaceutical Company Ltd., TAP Pharmaceutical Products Inc., and Ethypharm, S.A. (collectively "Plaintiffs") as follows:

### ANSWER

### THE PARTIES

1.      Teva states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, and therefore, Teva denies the allegations in Paragraph 1.

2.      Teva states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint, and therefore, Teva denies the allegations in Paragraph 2.

3.      Teva states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint, and therefore, Teva denies the allegations in Paragraph 3.

4.      Teva admits the allegations in Paragraph 4 of the Complaint.

5.      Teva admits Teva Ltd. is an Israeli corporation having a principal place of business located at 5 Basel St., Petach Tikva 49131, Israel.  Teva further admits Teva Ltd. manufactures pharmaceutical products.  Except as expressly admitted above, Teva denies the allegations in Paragraph 5 of the Complaint.

6.      Teva admits the allegations in Paragraph 6 of the Complaint.

7.      Teva denies the allegations in Paragraph 7 of the Complaint.

8.      Teva admits only that Teva USA conducts business in the United States of America.  Except as expressly admitted above, Teva denies the allegations in Paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9.      Teva admits only that this action purports to arise under the patent laws of the United States and that this Court has subject matter jurisdiction.  Teva denies any and all remaining allegations in Paragraph 9 of the Complaint including denying that it has infringed any valid and enforceable claim of any of Plaintiffs' patents-in-suit.

10.      Teva admits only that Teva USA is subject to personal jurisdiction in this District, Teva USA is incorporated in Delaware, and Teva USA conducts business within the District of Delaware.  Except as expressly admitted above, Teva denies the allegations in Paragraph 10 of the Complaint.

2

11.    Teva admits only that Teva USA conducts business within the District of Delaware. Except as expressly admitted above, Teva denies the allegations in Paragraph 11 of the Complaint.

12.    Teva denies the allegations in Paragraph 12 of the Complaint.

13.    Teva denies the allegations in Paragraph 13 of the Complaint.

14.    Teva denies the allegations in Paragraph 14 of the Complaint.

15.    Teva denies the allegations in Paragraph 15 of the Complaint.

16.    Teva admits only that Teva Ltd. is subject to personal jurisdiction in this District for purposes of this action, Teva USA is incorporated in Delaware, and Teva USA conducts business in the District of Delaware. Except as expressly admitted above, Teva denies the allegations in Paragraph 16 of the Complaint.

17.    Teva admits the allegations in Paragraph 17 of the Complaint.

## FACTS PERTINENT TO ALL CLAIMS FOR RELIEF

18.    In response to the allegations in Paragraph 18 of the Complaint, Teva states that the referenced patent speaks for itself and Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore denies them.

19.    Upon information and belief, Teva admits the allegations in Paragraph 19 of the Complaint.

20.    Upon information and belief, Teva admits the allegations in Paragraph 20 of the Complaint.

21.    In response to the allegations in Paragraph 21 of the Complaint, Teva states that the referenced patent speaks for itself and Teva is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 21 and therefore denies them.

22.    In response to the allegations in Paragraph 22 of the Complaint, Teva states that the referenced patent speaks for itself and Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore denies them.

23.    In response to the allegations in Paragraph 23 of the Complaint, Teva states that the referenced patent speaks for itself and Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and therefore denies them.

24.    Upon information and belief, Teva admits that the FDA approved NDA No. 21-428 for lansoprazole delayed release orally disintegrating tablets, 15 and 30 mg, on August 30, 2002.  Except as expressly admitted above, Teva is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 24 and therefore denies them.

25.    Teva admits the allegations in Paragraph 25 of the Complaint.

26.    Teva admits only that Teva Ltd. offers a broad range of generic pharmaceutical products.  Except as expressly admitted above, Teva denies the allegations set forth in Paragraph 26 of the Complaint.

27.    Teva denies the allegations of Paragraph 27 of the Complaint as stated.

28.    Teva denies the allegations in Paragraph 28 of the Complaint as stated.

29.    Teva admits only that Teva filed ANDA No. 78-730 for lansoprazole delayed release orally disintegrating tablets with the FDA, Teva was aware of the patents-in-suit when

4

Teva filed ANDA No. 78-730, and Teva was aware of commercial information relating to Prevacid SoluTab Orally Disintegrating Tablets when Teva filed ANDA No. 78-730. Except as expressly admitted above, Teva denies the allegations set forth in Paragraph 29 of the Complaint.

30.     Teva admits only that Teva USA filed ANDA No. 78-730 for lansoprazole delayed release orally disintegrating tablets with the FDA. Except as expressly admitted above, Teva denies the allegations set forth in Paragraph 30 of the Complaint.

31.     Teva admits only that Teva USA submitted to the FDA ANDA No. 78-730 that included a Paragraph IV certification. Except as expressly admitted above, Teva denies the allegations in Paragraph 31 of the Complaint.

32.     In response to the allegations in Paragraph 32 of the Complaint, Teva admits sending a letter to Plaintiffs dated April 12, 2007 and states that the referenced letter speaks for itself. Except as expressly admitted above, Teva denies the allegations set forth in Paragraph 34.

33.     Teva admits only that Teva USA filed ANDA No. 78-730 for lansoprazole delayed release orally disintegrating tablets with the FDA. Except as expressly admitted above, Teva denies the allegations set forth in Paragraph 33 of the Complaint.

34.     Teva admits only that Teva Ltd. was aware of the patents-in-suit when Teva USA filed ANDA No. 78-730 and the Paragraph IV certification with the FDA. Except as expressly admitted above, Teva denies the allegations set forth in Paragraph 34 of the Complaint.

35.     Upon information and belief, Teva USA admits the allegations in Paragraph 35 of the Complaint.

36.     Teva admits only that Teva USA continues to seek approval of ANDA No. 78-730 from the FDA. Except as expressly admitted above, Teva denies the allegations set forth in Paragraph 36 of the Complaint.

DB02:6059751.1                                                                                                           058956.1023

## FIRST CLAIM FOR RELIEF

37.    Teva incorporates by reference as if stated fully herein its responses to Paragraphs 1 through 36 of the Complaint.

38.    Teva admits that Teva USA filed ANDA No. 78-730 for lansoprazole delayed release orally disintegrating tablets with the FDA, and its Paragraph IV certification asserts that the '098 patent is invalid, unenforceable or not infringed.  Except as expressly admitted above, Teva denies the allegations set forth in Paragraph 38 of the Complaint.

39.    Teva admits that Teva USA filed ANDA No. 78-730 for lansoprazole delayed release orally disintegrating tablets with the FDA, and its Paragraph IV certification asserts that the '098 patent is invalid, unenforceable or not infringed.  Except as expressly admitted above, Teva denies the allegations set forth in Paragraph 39 of the Complaint.

40.    Teva admits only that Teva USA was aware of the existence of the '098 patent prior to submitting ANDA No. 78-730.  Except as expressly admitted above, Teva denies the allegations in Paragraph 40 of the Complaint.

41.    Teva denies the allegations in Paragraph 41 of the Complaint.

42.    Teva admits that its Paragraph IV certification does not address whether claims 1, 2, 5, 6, 8 and 10 of the '098 patent are not infringed.  Teva admits that its Paragraph IV certification asserts that these claims are invalid or unenforceable.  Except as expressly admitted above, Teva denies the allegations in Paragraph 42 of the Complaint.

43.    Teva denies the allegations in Paragraph 43 of the Complaint.

44.    Teva denies the allegations in Paragraph 44 of the Complaint.

## SECOND CLAIM FOR RELIEF

45.    Teva incorporates by reference as if stated fully herein its responses to Paragraphs 1 through 44 of the Complaint.

46.    Teva denies the allegations in Paragraph 46 of the Complaint.

47.    Teva denies the allegations in Paragraph 47 of the Complaint.

48.    Teva denies the allegations in Paragraph 48 of the Complaint.

49.    Teva denies the allegations in Paragraph 49 of the Complaint.

50.    Teva denies the allegations in Paragraph 50 of the Complaint.

## THIRD CLAIM FOR RELIEF

51.    Teva incorporates by reference as if stated fully herein its responses to Paragraphs 1 through 50 of the Complaint.

52.    Teva admits that Teva USA filed ANDA No. 78-730 for lansoprazole delayed release orally disintegrating tablets with the FDA, and its Paragraph IV certification asserts that the '321 patent is invalid, unenforceable or not infringed. Except as expressly admitted above, Teva denies the allegations set forth in Paragraph 52 of the Complaint.

53.    Teva admits that Teva USA filed ANDA No. 78-730 for lansoprazole delayed release orally disintegrating tablets with the FDA, and its Paragraph IV certification asserts that the '321 patent is invalid, unenforceable or not infringed.  Except as expressly admitted above, Teva denies the allegations set forth in Paragraph 53 of the Complaint.

54.    Teva admits only that Teva USA was aware of the existence of the '321 patent prior to submitting ANDA No. 78-730.  Except as expressly admitted above, Teva denies the allegations in Paragraph 54 of the Complaint.

55.    Teva denies the allegations in Paragraph 55 of the Complaint.

56.    Teva denies the allegations in Paragraph 56 of the Complaint.

57.    Teva denies the allegations in Paragraph 57 of the Complaint.

## FOURTH CLAIM FOR RELIEF

58.    Teva incorporates by reference as if stated fully herein its responses to Paragraphs 1 through 57 of the Complaint.

59.    Teva denies the allegations in Paragraph 59 of the Complaint.

60.    Teva denies the allegations in Paragraph 60 of the Complaint.

61.    Teva denies the allegations in Paragraph 61 of the Complaint.

62.    Teva denies the allegations in Paragraph 62 of the Complaint.

63.    Teva denies the allegations in Paragraph 63 of the Complaint.

## FIFTH CLAIM FOR RELIEF

64.    Teva incorporates by reference as if stated fully herein its responses to Paragraphs 1 through 63 of the Complaint.

65.    Teva admits that Teva USA filed ANDA No. 78-730 for lansoprazole delayed release orally disintegrating tablets with the FDA, and its Paragraph IV certification asserts that the '632 patent is invalid, unenforceable or not infringed.  Except as expressly admitted above, Teva denies the allegations set forth in Paragraph 65 of the Complaint.

66.    Teva admits that Teva USA filed ANDA No. 78-730 for lansoprazole delayed release orally disintegrating tablets with the FDA, and its Paragraph IV certification asserts that the '632 patent is invalid, unenforceable or not infringed.  Except as expressly admitted above, Teva denies the allegations set forth in Paragraph 66 of the Complaint.

67.    Teva admits only that Teva USA was aware of the existence of the '632 patent prior to submitting ANDA No. 78-730. Except as expressly admitted above, Teva denies the allegations in Paragraph 67 of the Complaint.

68.    Teva denies the allegations in Paragraph 68 of the Complaint.

69.    Teva denies the allegations in Paragraph 69 of the Complaint.

70.    Teva denies the allegations in Paragraph 70 of the Complaint.

## SIXTH CLAIM FOR RELIEF

71.    Teva incorporates by reference as if stated fully herein its responses to Paragraphs 1 through 70 of the Complaint.

72.    Teva denies the allegations in Paragraph 72 of the Complaint.

73.    Teva denies the allegations in Paragraph 73 of the Complaint.

74.    Teva denies the allegations in Paragraph 74 of the Complaint.

75.    Teva denies the allegations in Paragraph 75 of the Complaint.

76.    Teva denies the allegations in Paragraph 76 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

77.    Teva incorporates by reference as if stated fully herein its responses to Paragraphs 1 through 76 of the Complaint.

78.    Teva admits that Teva USA filed ANDA No. 78-730 for lansoprazole delayed release orally disintegrating tablets with the FDA, and its Paragraph IV certification asserts that the '994 patent is invalid, unenforceable or not infringed. Except as expressly admitted above, Teva denies the allegations set forth in Paragraph 78 of the Complaint.

79.    Teva admits that Teva USA filed ANDA No. 78-730 for lansoprazole delayed release orally disintegrating tablets with the FDA, and its Paragraph IV certification asserts that

the '994 patent is invalid, unenforceable or not infringed. Except as expressly admitted above, Teva denies the allegations set forth in Paragraph 79 of the Complaint.

80.     Teva admits only that Teva USA was aware of the existence of the '994 patent prior to submitting ANDA No. 78-730. Except as expressly admitted above, Teva denies the allegations in Paragraph 80 of the Complaint.

81.     Teva denies the allegations in Paragraph 81 of the Complaint.

82.     Teva denies the allegations in Paragraph 82 of the Complaint.

83.     Teva denies the allegations in Paragraph 83 of the Complaint.

## EIGHTH CLAIM FOR RELIEF

84.     Teva incorporates by reference as if stated fully herein its responses to Paragraphs 1 through 83 of the Complaint.

85.     Teva denies the allegations in Paragraph 85 of the Complaint.

86.     Teva denies the allegations in Paragraph 86 of the Complaint.

87.     Teva denies the allegations in Paragraph 87 of the Complaint.

88.     Teva denies the allegations in Paragraph 88 of the Complaint.

89.     Teva denies the allegations in Paragraph 89 of the Complaint.

90.     To the extent that any allegation in any paragraph of Plaintiffs' Complaint is not admitted or specifically responded to, it is hereby denied.

91.     Teva denies that Plaintiffs, or any one of them, are entitled to the relief sought in the Complaint, or to any relief.

DB02:6059751.1                                                                                      058956.1023

## DEFENSES

### FIRST DEFENSE

Teva has not infringed, is not infringing and will not infringe, either literally or under the Doctrine of Equivalents, any valid and enforceable claim of U.S. Patent 4,628,098 ("the '098 Patent"). Furthermore, Teva Ltd. has not induced, is not inducing and will not induce infringement, either literally or under the Doctrine of Equivalents, of any valid and enforceable claim of the '098 patent.

### SECOND DEFENSE

Teva has not infringed, is not infringing and will not infringe, either literally or under the Doctrine of Equivalents, any valid and enforceable claim of U.S. Patent 5,045,321 ("the '321 Patent"). Furthermore, Teva Ltd. has not induced, is not inducing and will not induce infringement, either literally or under the Doctrine of Equivalents, of any valid and enforceable claim of the '321 patent.

### THIRD DEFENSE

Teva has not infringed, is not infringing and will not infringe, either literally or under the Doctrine of Equivalents, any valid and enforceable claim of U.S. Patent 5,464,632 ("the '632 Patent"). Furthermore, Teva Ltd. has not induced, is not inducing and will not induce infringement, either literally or under the Doctrine of Equivalents, of any valid and enforceable claim of the '632 patent.

### FOURTH DEFENSE

Teva has not infringed, is not infringing and will not infringe, either literally or under the Doctrine of Equivalents, any valid and enforceable claim of U.S. Patent 6,328,994 ("the '994 Patent"). Furthermore, Teva Ltd. has not induced, is not inducing and will not induce

infringement, either literally or under the Doctrine of Equivalents, of any valid and enforceable claim of the '994 patent.

## FIFTH DEFENSE

Upon information and belief, the claims of the '098 patent are invalid for failure to comply with requirements of the patent laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## SIXTH DEFENSE

The claims of the '098 patent are unenforceable as procured through inequitable conduct before the United States Patent and Trademark Office ("PTO"). In violation of Takeda's duty of candor to the PTO under 37 C.F.R. § 1.56, Takeda intentionally misled the PTO and failed to disclose material information to the PTO during prosecution of patent application no. 06/760,568, the application that led to the issuance of the '098 patent. Takeda did so with the intent to deceive the PTO concerning the patentability of the application, and therefore is guilty of inequitable conduct rendering the '098 patent unenforceable.

## SEVENTH DEFENSE

The patent term extension for the '098 patent is unenforceable as procured through inequitable conduct before the PTO. On July 6, 1995, Takeda filed for a patent term extension for the '098 patent pursuant to 35 U.S.C. §§ 155-156. On January 6, 1997, the PTO awarded Takeda a patent term extension of 1381 days extending the term of the patent to May 10, 2009. Without that patent term extension, the '098 patent would be expired and would not be part of this action. At the time the patent term extension was sought, Takeda knew that the '098 patent was invalid as obvious and unenforceable due to its inequitable conduct before the PTO during prosecution. The patent term extension granted for the '098 patent therefore is unenforceable.

## EIGHTH DEFENSE

Upon information and belief, the claims of the '321 patent are invalid for failure to comply with requirements of the patent laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## NINTH DEFENSE

Upon information and belief, the claims of the '632 patent are invalid for failure to comply with requirements of the patent laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## TENTH DEFENSE

Upon information and belief, the claims of the '994 patent are invalid for failure to comply with requirements of the patent laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## COUNTERCLAIMS

Defendants Teva hereby counterclaim against Plaintiffs, and in support thereof, allege as follows:

1.    The Plaintiffs filed this Complaint against Teva seeking, *inter alia*, a judgment that Teva infringed the claims of the '098 patent, the '321 patent, the '632 patent, and the '994 patent (collectively "the patents-in-suit") by Teva USA filing ANDA No. 78-730 and a Paragraph IV certification.  As a result of the filing of the Complaint, an immediate and justiciable controversy exists between the Plaintiffs and Teva regarding the alleged infringement and validity of the patents-in-suit.

2.    The following counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

3.    This Court has personal jurisdiction over the Plaintiffs because, *inter alia*, the Plaintiffs have submitted to the jurisdiction of this Court by filing Plaintiffs' Complaint.

4.    Subject matter jurisdiction in this Court is proper under, *inter alia*, 28 U.S.C. §§ 1331 and 1338.

5.    Venue is proper in this Court because, *inter alia*, the Plaintiffs have submitted to the jurisdiction of this Court and selected this venue by filing their Complaint with this Court.

## COUNT ONE
### (Non-infringement of the '098 Patent)

6.    Teva incorporates by reference all allegations contained in Paragraphs 1 through 5 of its Counterclaims.

7.    Teva has not infringed, is not infringing and will not infringe, either literally or under the Doctrine of Equivalents, any valid and enforceable claim of the '098 Patent.

8.    Teva Ltd. has not induced, is not inducing and will not induce infringement, either literally or under the Doctrine of Equivalents, of any valid and enforceable claim of the '098 patent.

## COUNT TWO
### (Non-infringement of the '321 Patent)

9.    Teva incorporates by reference all allegations contained in Paragraphs 1 through 8 of its Counterclaims.

10.    Teva has not infringed, is not infringing and will not infringe, either literally or under the Doctrine of Equivalents, any valid and enforceable claim of the '321 patent.

11.    Teva Ltd. has not induced, is not inducing and will not induce infringement, either literally or under the Doctrine of Equivalents, of any valid and enforceable claim of the '321 patent.

DB02:6059751.1                    058956.1023

## COUNT THREE
### (Non-infringement of the '632 Patent)

12.    Teva incorporates by reference all allegations contained in Paragraphs 1 through 11 of its Counterclaims.

13.    Teva has not infringed, is not infringing and will not infringe, either literally or under the Doctrine of Equivalents, any valid and enforceable claim of the '632 patent.

14.    Teva Ltd. has not induced, is not inducing and will not induce infringement, either literally or under the Doctrine of Equivalents, of any valid and enforceable claim of the '632 patent.

## COUNT FOUR
### (Non-infringement of the '994 Patent)

15.    Teva incorporates by reference all allegations contained in Paragraphs 1 through 14 of its Counterclaims.

16.    Teva has not infringed, is not infringing and will not infringe, either literally or under the Doctrine of Equivalents, any valid and enforceable claim of the '994 patent.

17.    Teva Ltd. has not induced, is not inducing and will not induce infringement, either literally or under the Doctrine of Equivalents, of any valid and enforceable claim of the '994 patent.

## COUNT FIVE
### (Declaration of Invalidity of the '098 Patent)

18.    Teva incorporates by reference all allegations contained in Paragraphs 1 through 17 of its Counterclaims.

19.    The claims of the '098 patent are invalid for failure to comply with requirements of the patent laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

DB02:6059751.1                                                                058956.1023

## COUNT SIX
### (Declaration of Unenforceability of the '098 Patent Due to Inequitable Conduct)

20.    Teva incorporates by reference all allegations contained in Paragraphs 1 through 19 of its Counterclaims.

21.    In violation of Takeda's duty of candor to the PTO under 37 C.F.R. § 1.56, Takeda failed to disclose material information and made material misrepresentations to the PTO during prosecution of patent application no. 06/760,568, the application that led to the issuance of the '098 patent.

22.    For at least the foregoing reasons, the '098 patent is unenforceable.

## COUNT SEVEN
### (Declaration of Unenforceability of the Patent Term Extension for the '098 Patent)

23.    Teva incorporates by reference all allegations contained in Paragraphs 1 through 22 of its Counterclaims.

24.    The '098 patent issued on December 9, 1986.  On July 6, 1995, Takeda applied for a Patent Term Extension pursuant to 35 U.S.C. §§ 155-156.  On January 6, 1997, the PTO awarded Takeda a Patent Term Extension of 1381 days extending the term of the patent to May 10, 2009.

25.    At the time it sought the patent term extension, Takeda knew that the '098 patent was invalid and unenforceable due to its inequitable conduct before the PTO during prosecution. Takeda knew that the '098 patent was invalid and unenforceable, yet Takeda continued to pursue the patent term extension through the PTO.

26.    For at least the foregoing reasons, the patent term extension granted for the '098 patent is unenforceable.

DB02:6059751.1                                    058956.1023

## COUNT EIGHT
### (Declaration of Invalidity of the '321 Patent)

27.    Teva incorporates by reference all allegations contained in Paragraphs 1 through 26 of its Counterclaims.

28.    The claims of the '321 patent are invalid for failure to comply with requirements of the patent laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## COUNT NINE
### (Declaration of Invalidity of the '632 Patent)

29.    Teva incorporates by reference all allegations contained in Paragraphs 1 through 28 of its Counterclaims.

30.    Upon information and belief, the claims of the '632 patent are invalid for failure to comply with requirements of the patent laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## COUNT TEN
### (Declaration of Invalidity of the '994 Patent)

31.    Teva incorporates by reference all allegations contained in Paragraphs 1 through 30 of its Counterclaims.

32.    Upon information and belief, the claims of the '994 patent are invalid for failure to comply with requirements of the patent laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## COUNT ELEVEN
### (Declaration of Award of Attorneys' Fees, Costs, and Expenses)

33.    Teva incorporates by reference all allegations contained in Paragraphs 1 through 32 of its Counterclaims.

DB02:6059751.1                                                                                                           058956.1023

34.     This action is an exceptional case under 35 U.S.C. § 285, and Teva is entitled to reimbursement of attorneys' fees, costs, and expenses from Plaintiffs.

### PRAYER FOR RELIEF

**WHEREFORE**, Teva respectfully requests that this Court enter a Judgment and Order:

(a)     dismissing the Complaint, and each and every claim for relief contained therein, with prejudice;

(b)     declaring Teva USA has not infringed and is not infringing any valid and enforceable claim of the '098 patent;

(c)     declaring Teva USA has not infringed and is not infringing any valid and enforceable claim of the '321 patent;

(d)     declaring Teva USA has not infringed and is not infringing any valid and enforceable claim of the '632 patent;

(e)     declaring Teva USA has not infringed and is not infringing any valid and enforceable claim of the '994 patent;

(f)     declaring Teva Ltd. has not infringed and is not infringing any valid and enforceable claim of the '098 patent;

(g)     declaring Teva Ltd. has not infringed and is not infringing any valid and enforceable claim of the '321 patent;

(h)     declaring Teva Ltd. has not infringed and is not infringing any valid and enforceable claim of the '632 patent;

(i)     declaring Teva Ltd. has not infringed and is not infringing any valid and enforceable claim of the '994 patent;

(j)    declaring Teva Ltd. has not induced and is not inducing infringement of any valid and enforceable claim of the '098 patent;

(k)    declaring Teva Ltd. has not induced and is not inducing infringement of any valid and enforceable claim of the '321 patent;

(l)    declaring Teva Ltd. has not induced and is not inducing infringement of any valid and enforceable claim of the '632 patent;

(m)    declaring Teva Ltd. has not induced and is not inducing infringement of any valid and enforceable claim of the '994 patent;

(n)    declaring all claims of the '098 patent invalid;

(o)    declaring all claims of the '321 patent invalid;

(p)    declaring all claims of the '632 patent invalid;

(q)    declaring all claims of the '994 patent invalid;

(r)    declaring all claims of the '098 patent unenforceable;

(s)    declaring the patent term extension of the '098 patent unenforceable;

(t)    declaring this an exceptional case under 35 U.S.C. § 285 and awarding Teva its attorneys' fees, costs, and expenses; and

(u)    granting Teva such other and further relief as this Court deems just and proper.

YOUNG CONAWAY STARGATT & TAYLOR LLP

June 21, 2007

*Karen L. Pascale*

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
John W. Shaw (#3362) [jshaw@ycst.com]
Karen L. Pascale (# 2903) [kpascale@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone:  302-571-6600

- and –

**SUTHERLAND ASBILL & BRENNAN LLP**
John L. North
Jeffrey J. Toney
Ann G. Fort
999 Peachtree Street
Atlanta, Georgia 30309-3996
Telephone:    404-853-8000

*Attorneys for Defendants,*
*Teva Pharmaceuticals USA, Inc. and*
*Teva Pharmaceutical Industries Ltd.*

20

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on June 21, 2007, I caused to be

electronically filed a true and correct copy of the foregoing document with the Clerk of the Court

using CM/ECF, which will send notification that such filing is available for viewing and

downloading to the following counsel of record:

> Mary B. Graham [mgraham@mnat.com]
> Rodger D. Smith II [rsmith@mnat.com]
> James W. Parrett, Jr. [jparrett@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNEL LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899-1347
> (302) 658-9200

I further certify that on June 21, 2007, I caused a copy of the foregoing document to be

served by e-mail and hand delivery on the above-listed counsel of record and on the following

non-registered participants in the manner indicated:

### By E-Mail

Eric J. Lobenfeld [ejlobenfeld@hhlaw.com]
Tedd W. Van Buskirk
[twvanbuskirk@hhlaw.com]
Arlene L. Chow [alchow@hhlaw.com]
Dillon Kim [dkim@hhlaw.com]
HOGAN & HARTSON LLP
875 Third Avenue
New York, NY 10022
(212) 918-3000

Philippe Y. Riesen [pyriesen@hhlaw.com]
HOGAN & HARTSON LLP
Shinjuku Center Building, 46th Floor
25-1 Nishi-Shinjuku 1-chome
Shinjuku, Tokyo 163-0646
Japan
(81) 3-5908-0470

Richard de Bodo [rdebodo@hhlaw.com]
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 785-4600
*Attorneys for Plaintiffs Takeda
Pharmaceutical Company Ltd. and
Ethypharm S.A.*

William F. Cavanaugh, Jr.
[wfcavanaugh@pbwt.com]
Stuart E. Pollack [sepollack@pbwt.com]
Chad J. Peterman [cjpeterman@pbwt.com]
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000
*Attorneys for Plaintiff TAP Pharmaceutical
Products Inc.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Karen L. Pascale*
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
*Attorneys for Defendants,*
*Teva Pharmaceuticals USA, Inc.*
*and Teva Pharmaceutical Industries, Ltd.*

2