IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAP PHARMACEUTICAL PRODUCTS INC., and ETHYPHARM, S.A, <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., and TEVA PHARMACEUTICAL INDUSTRIES LTD., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) C.A. No. 07-331 (SLR) ) ) ) ) ) ) |

**TAKEDA PHARMACEUTICAL COMPANY, LTD.'S,
TAP PHARMACEUTICAL PRODUCTS INC.'S AND ETHYPHARM, S.A.'S
REPLY TO TEVA PHARMACEUTICALS USA, INC.'S
AND TEVA PHARMACEUTICAL INDUSTRIES LTD.'S
<u>COUNTERCLAIMS TO COMPLAINT</u>**

Plaintiffs-Counterclaim Defendants Takeda Pharmaceutical Company Limited ("Takeda"), TAP Pharmaceutical Products Inc. ("TAP"), and Ethypharm, S.A. ("Ethypharm"), by their undersigned attorneys, herein reply to the Counterclaims ("Counterclaims") of Defendants-Counterclaimants Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries Ltd. (collectively "Teva") to the Complaint as follows:

1. Admit that Plaintiffs have filed a Complaint and hereby repeat and reallege each and every allegation contained in the Complaint, admit that a justiciable controversy exists between the parties hereto with respect to infringement and validity of certain claims of U.S. Patent Nos. 4,628,098, 5,045,321, 5,464,632, and 6,328,994, and deny the remaining allegations set forth in paragraph 1 of Teva's Counterclaims.

2. Admit that Teva's Counterclaims purport to arise pursuant to Title 35 U.S.C. and 28 U.S.C. §§ 2201 and 2202, and deny the remaining allegations set forth in paragraph 2 of Teva's Counterclaims.

3. Admit that the Court has personal jurisdiction over Plaintiffs.

4. Admit that Teva purports to invoke the jurisdiction of the Court pursuant to 28 U.S.C. §§ 1331, 1338, and deny the remaining allegations set forth in paragraph 4 of Teva's Counterclaims.

5. Admit that venue is proper in this Court.

## COUNT ONE
### (Non-Infringement of the '098 Patent)

6. Plaintiffs repeat and re-allege their responses to paragraphs 1-5 of Teva's Counterclaims as if fully set forth herein.

7. Plaintiffs Takeda and TAP deny each and every allegation contained in paragraph 7 of Teva's Counterclaims. Plaintiff Ethypharm denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Teva's Counterclaims.

8. Plaintiffs Takeda and TAP deny each and every allegation contained in paragraph 8 of Teva's Counterclaims. Plaintiff Ethypharm denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Teva's Counterclaims.

## COUNT TWO
### (Non-Infringement of the '321 Patent)

9. Plaintiffs repeat and re-allege their responses to paragraphs 1-8 of Teva's Counterclaims as if fully set forth herein.

10. Plaintiffs Takeda and TAP deny each and every allegation contained in paragraph 10 of Teva's Counterclaims. Plaintiff Ethypharm denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Teva's Counterclaims.

11. Plaintiffs Takeda and TAP deny each and every allegation contained in paragraph 11 of Teva's Counterclaims. Plaintiff Ethypharm denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Teva's Counterclaims.

**COUNT THREE**
**(Non-Infringement of the '632 Patent)**

12. Plaintiffs repeat and re-allege their responses to paragraphs 1-11 of Teva's Counterclaims as if fully set forth herein.

13. Deny each and every allegation contained in paragraph 13 of Teva's Counterclaims.

14. Deny each and every allegation contained in paragraph 14 of Teva's Counterclaims.

**COUNT FOUR**
**(Non-Infringement of the '994 Patent)**

15. Plaintiffs repeat and re-allege their responses to paragraphs 1-14 of Teva's Counterclaims as if fully set forth herein.

16. Plaintiffs Takeda and TAP deny each and every allegation contained in paragraph 16 of Teva's Counterclaims. Plaintiff Ethypharm denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Teva's Counterclaims.

17. Plaintiffs Takeda and TAP deny each and every allegation contained in paragraph 17 of Teva's Counterclaims. Plaintiff Ethypharm denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Teva's Counterclaims.

## COUNT FIVE
### (Declaration of Invalidity of the '098 Patent)

18. Plaintiffs repeat and re-allege their responses to paragraphs 1-17 of Teva's Counterclaims as if fully set forth herein.

19. Plaintiffs Takeda and TAP deny each and every allegation contained in paragraph 19 of Teva's Counterclaims. Plaintiff Ethypharm denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Teva's Counterclaims.

## COUNT SIX
### (Declaration of Unenforceability of the '098 Patent Due to Inequitable Conduct)

20. Plaintiffs repeat and re-allege their responses to paragraphs 1-19 of Teva's Counterclaims as if fully set forth herein.

21. Plaintiffs Takeda and TAP deny each and every allegation contained in paragraph 21 of Teva's Counterclaims. Plaintiff Ethypharm denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Teva's Counterclaims.

22. Plaintiffs Takeda and TAP deny each and every allegation contained in paragraph 22 of Teva's Counterclaims. Plaintiff Ethypharm denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of Teva's Counterclaims.

## COUNT SEVEN
**(Declaration of Unenforceability of the Patent Term Extension for the '098 Patent)**

23. Plaintiffs repeat and re-allege their responses to paragraphs 1-22 of Teva's Counterclaims as if fully set forth herein.

24. Plaintiffs Takeda and TAP admit that the '098 patent issued on December 9, 1986, admit that on July 6, 1995, Takeda applied for a Patent Term Extension pursuant to 35 U.S.C. §§ 155-156, and admit that on July 6, 1997, the PTO awarded Takeda a Patent Term Extension of 1381 days extending the term of the patent to May 10, 2009. Plaintiff Ethypharm denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of Teva's Counterclaims.

25. Plaintiffs Takeda and TAP deny each and every allegation contained in paragraph 25 of Teva's Counterclaims, and aver that this Court has already rejected this claim by order entered on July 3, 2007 (D.I. 120) in the pending litigation, C.A. No. 06-33-SLR. Plaintiff Ethypharm denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of Teva's Counterclaims.

26. Plaintiffs Takeda and TAP deny each and every allegation contained in paragraph 25 of Teva's Counterclaims, and aver that this Court has already rejected this claim by order entered on July 3, 2007 (D.I. 120) in the pending litigation, C.A. No. 06-33-SLR. Plaintiff Ethypharm denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of Teva's Counterclaims.

## COUNT EIGHT
**(Declaration of Invalidity of the '321 Patent)**

27. Plaintiffs repeat and re-allege their responses to paragraphs 1-26 of Teva's Counterclaims as if fully set forth herein.

28.     Plaintiffs Takeda and TAP deny each and every allegation contained in paragraph 28 of Teva's Counterclaims.  Plaintiff Ethypharm denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Teva's Counterclaims.

## COUNT NINE
### (Declaration of Invalidity of the '632 Patent)

29.     Plaintiffs repeat and re-allege their responses to paragraphs 1-28 of Teva's Counterclaims as if fully set forth herein.

30.     Deny each and every allegation contained in paragraph 30 of Teva's Counterclaims.

## COUNT TEN
### (Declaration of Invalidity of the '994 Patent)

31.     Plaintiffs repeat and re-allege their responses to paragraphs 1-30 of Teva's Counterclaims as if fully set forth herein.

32.     Plaintiffs Takeda and TAP deny each and every allegation contained in paragraph 32 of Teva's Counterclaims.   Plaintiff Ethypharm denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of Teva's Counterclaims.

## COUNT ELEVEN
### (Declaration of Award of Attorneys' Fees, Costs, and Expenses)

33.     Plaintiffs repeat and re-allege their responses to paragraphs 1-32 of Teva's Counterclaims as if fully set forth herein.

34.     Plaintiffs Takeda and TAP deny each and every allegation contained in paragraph 34 of Teva's Counterclaims. Plaintiff Ethypharm denies each and every allegation contained in paragraph 34 with respect to Counts Three and Nine of Teva's Counterclaims, and

denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of Teva's Counterclaims with respect to all other Counts.

36. Plaintiffs deny each and every other allegation in Teva's Counterclaims not heretofore expressly admitted herein.

## FIRST AFFIRMATIVE DEFENSE TO COUNTERCLAIMS
### (Failure to State a Claim)

36. Count Seven of Teva's Counterclaims fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE TO COUNTERCLAIMS
### (Res Judicata and Collateral Estoppel)

37. Count Seven of Teva's Counterclaims is barred by the doctrines of res judicata and collateral estoppel.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief:

A. An order dismissing Teva's Counterclaims with prejudice and denying each and every Prayer for Relief sought by Teva;

B. An order granting each and every Prayer for Relief sought by Plaintiffs in the Complaint;

C. A declaration that this is an exceptional case, and an award of attorneys' fees from Teva in this action pursuant to 35 U.S.C. § 285;

D. An award of costs and expenses of Plaintiffs in defending these Counterclaims;

E. Such further and other relief as this Court determines to be just and proper.

                                      MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                      */s/ Rodger D. Smith II (#3778)*
                                      _____
                                      Jack B. Blumenfeld (#1014)
                                      Mary B. Graham (#2256)
                                      Rodger D. Smith II (#3778)
                                      James W. Parrett, Jr. (#4292)
                                      1201 N. Market Street
                                      P.O. Box 1347
                                      Wilmington, DE  19801
                                      (302) 658-9200

                                      *Attorneys for Plaintiffs Takeda*
                                      *Pharmaceutical Company Ltd., TAP*
                                      *Pharmaceutical Products Inc., and*
                                      *Ethypharm, S.A,*

OF COUNSEL:

Eric J. Lobenfeld
Tedd W. Van Buskirk
Arlene L. Chow
Dillon Kim
HOGAN & HARTSON LLP
875 Third Avenue
New York, New York 10022
(212) 918-3000

Philippe Y. Riesen
HOGAN & HARTSON LLP
Shinjuku Center Building, 46th Floor
25-1 Nishi-Shinjuku 1-chome
Shinjuku, Tokyo 163-0646
Japan
(81) 3-5908-4070

Richard de Bodo
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310)785-4600


*Attorneys for Takeda*
*Pharmaceutical Company Limited*

William F. Cavanaugh
Stuart E. Pollack
Chad J. Peterman
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
212.336.2000

*Attorneys for Plaintiff TAP*
*Pharmaceutical Products Inc.*

July 20, 2007
973626

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2007, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

>   Karen L. Pascale, Esquire
>   Karen E. Keller, Esquire
>   YOUNG CONAWAY STARGATT & TAYLOR, LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on July 20, 2007 upon the following individuals in the manner indicated:

**BY E-MAIL**

Karen L. Pascale, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
**kpascale@ycst.com**

John L. North, Esquire
SUTHERLAND ASBILL & BRENNAN LLP
**john.north@sablaw.com**

Jeffrey J. Toney, Esquire
SUTHERLAND ASBILL & BRENNAN LLP
**jeffrey.toney@sablaw.com**

Laura Fahey Fritts, Esquire
SUTHERLAND ASBILL & BRENNAN LLP
**laura.fritts@sablaw.com**

Jeffrey D. Blake
SUTHERLAND ASBILL & BRENNAN LLP
**jeffrey.blake@sablaw.com**

*/s/ Rodger D. Smith II (#3778)*
_____
Rodger D. Smith II (#3778)