IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAP PHARMACEUTICAL PRODUCTS INC., and ETHYPHARM, S.A, <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., and TEVA PHARMACEUTICAL INDUSTRIES LTD., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   C.A. No. 07-331 (SLR) |

## SCHEDULING ORDER

At Wilmington, this 20th day of August 2007, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.1.

2. **Discovery.**

    (a) Discovery will be needed on the following subjects:

    (1) Infringement or non-infringement of the patents-in-suit;

    (2) Validity or invalidity of the patents-in-suit;

    (3) Any other claims, counterclaims, and/or defenses; and

    (4) Discovery also may be needed for additional subjects for other claims, counterclaims, or defenses to the extent that they may be asserted during discovery.

(b) The parties agree that no discovery is required in this case on issues strictly related to the validity of U.S. Patent Nos. 4,628,098 and 5,045,321, which are the subject of pending litigation in this Court, C.A. No. 06-33-SLR ("the '06 Action"). The parties agree that any final, non-appealable judgment with respect to the validity of U.S. Patent Nos. 4,628,098 and/or 5,045,321 in the '06 Action shall be binding upon the parties in this case, and the parties stipulate to be so bound. The parties further agree that any final, non-appealable judgment with respect to the infringement or noninfringement of U.S. Patent No. 4,628,098 shall be binding upon the parties in this case, and the parties stipulate to be so bound.

(c) All fact discovery shall be commenced in time to be completed by July 28, 2008.

(1) Document production shall be completed on or before February 11, 2008.

(2) Maximum of 25 interrogatories including subparts by each party to any other party.

(3) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4) Maximum of 50 requests for admission by each party to any other party.

    (5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

    (6) Maximum of 120 hours per side for fact depositions. Each fact deposition (other than depositions requiring translation) is limited to a maximum of 7 hours per deposition, unless extended by agreement of parties. Depositions that require translation are limited to a maximum of 14 hours, unless extended by agreement of parties.

  (d) Expert discovery shall be commenced after the completion of fact discovery and in time to be completed by November 10, 2008.

    (1) Expert reports on issues for which the parties have the burden of proof are due August 25, 2008. Rebuttal expert reports are due September 22, 2008.

    (2) Expert depositions to be limited to a maximum of 7 hours per expert unless extended by agreement of the parties.

    (3) All Daubert motions shall be filed on or before December 3, 2008.

  (e) If Defendants intend to rely on advice of counsel for any purpose, including without limitation as a defense to willfulness, exceptional case, or inducement, Defendants must so inform Plaintiffs by January 14, 2008. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by Defendant to its counsel and whatever other materials related to the issues in dispute that Defendant had in its possession at the time the advice was sought.

  (f) Supplementations under Rule 26(e) due as required by that rule.

(g) **Discovery Disputes.**

(1) The court shall conduct an in-person discovery status conference on December 13, 2007 at 4:30 p.m., the time to be allocated equally among the parties. No motions to compel or motions for protective order shall be filed absent approval of the court.

(2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(h) **Fact Witnesses to be Called at Trial.** On or before December 8, 2008, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. On or before January 5, 2009, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before March 10, 2008.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636 and to the extent the parties believe it may be beneficial, this matter is referred to a Magistrate Judge ~~Thynge~~ SLR for the purposes of exploring ADR.

5.  **Claim Construction Issue Identification.** If the court does not find that a limited earlier claim construction would be helpful in resolving the case the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms on October 21, 2008. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 6 below.

6.  **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary meaning. The parties shall agree upon and file the Joint Claim Construction Statement contemporaneous with the Pretrial Order, with the claim chart separately docketed.

The parties will file simultaneous opening claim construction briefs on November 21, 2008. Simultaneous response briefs should be filed by December 19, 2008. The Court will hold a Markman Hearing on January 9, 2009 at 9:30 a.m.

7.  **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion,** absent express approval by the court.

   (a)  **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

   (b)  No telephone calls shall be made to chambers.

   (c)  Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed

forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

  8. **Motions in Limine.** **No** motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

  9. **Pretrial Conference.** A pretrial conference will be held on February 26, 2009 at 4:30 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

  10. **Trial.** This matter is scheduled for a 2 week bench trial commencing on March 9, 2009 in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

                _____
                UNITED STATES DISTRICT JUDGE

1212473

## ADDITIONAL PROVISIONS TO SCHEDULING ORDER

1. DISCOVERY: The parties agree that attorney-work product and attorney-client privileged materials created by counsel after the service of the Paragraph IV Certification letter for ANDA 77-255 by Teva on TAP Pharmaceutical Products Inc. are to be excluded from production and need not be placed on any privilege logs produced in response to any discovery requests with the exception of updates provided to the FDA, communications with the PTO concerning the patents-in-suit, and any communications with any court or any opposing party in a civil action regarding the patents-in-suit.

2. The parties agree that if a witness intends to testify in a language other than English at a deposition or otherwise requires a translator, the party defending the witness will provide the noticing party timely notice in advance of the deposition. Further, to the extent a witness testifies at deposition in a foreign language, that witness will also testify in that language at trial.

3. The parties agree to make reasonable efforts to schedule depositions on mutually convenient dates and locations for counsel and witnesses. Each party agrees to make available for deposition any testifying expert witness at a mutually agreeable location in the United States. In the absence of an agreement otherwise, Plaintiffs will make their testifying expert witnesses available for deposition at the New York, NY office of Plaintiffs' counsel, and Defendants will make their testifying expert witnesses available for deposition at the Atlanta, GA office of Defendants' counsel.

4. PROTECTIVE ORDER: The parties agree that a Protective Order is necessary and appropriate to govern pre-trial matters in the case. The parties are amenable to preparing a mutually agreeable protective order and will file a motion for entry of protective order as soon as practicable.

5. SERVICE: The parties agree to serve papers on each other by emailing a pdf to all Counsel of Record, excluding large appendices, and by depositing all documents with an overnight courier on or before the date when such papers are due or are filed with the Court. Service by overnight courier to Plaintiffs shall be made on Arlene L. Chow at Hogan & Hartson in New York and Stuart E. Pollack at Patterson Belknap Webb & Tyler in New York, and service by overnight courier to Defendants shall be made on Laura F. Fritts at Sutherland Asbill & Brennan in Atlanta, Georgia. All documents shall be concurrently served on each party's local counsel by the same means. Service by emailing a pdf shall be considered service by hand delivery for purposes of FRCP 6(e) if the email of the pdf(s) contains the complete document, including appendices or other attachments. The parties also agree that documents and things produced pursuant to Rules 26 & 34 of the Federal Rules of Civil Procedure need not be served in accordance with the earlier provisions of this paragraph and may be provided to the receiving party in accordance with the terms of those Rules or by any other means mutually agreed upon by the parties hereto.

6. CROSS-DESIGNATION STIPULATION: The parties agree to be bound by a Cross-Designation Stipulation that allows all discovery provided by and exchanged between Takeda, TAP, Teva USA and Teva Ltd. in the '06 Action to be treated as having been produced by the same party and made available for use by the Parties in the current litigation.

1212473

8