IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAP PHARMACEUTICAL PRODUCTS INC., and ETHYPHARM, S.A, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 07-331 (SLR) |
| TEVA PHARMACEUTICALS USA, INC., and TEVA PHARMACEUTICAL INDUSTRIES LTD., | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' NOTICE OF DEPOSITION PURSUANT TO
FED. R. CIV. P. 30(b)(6) TO TEVA PHARMACEUTICALS USA, INC.**

To:     Ann G. Fort, Esquire
        SUTHERLAND, ASBILL & BRENNAN LLP
        999 Peachtree Street, NE
        Atlanta, GA 30309-3996

PLEASE TAKE NOTICE that, in accordance with Rules 26 and 30(b)(6) of the

Federal Rules of Civil Procedure, Plaintiffs Takeda Pharmaceutical Company, Ltd. ("Takeda"),

TAP Pharmaceutical Products Inc. ("TAP"), and Ethypharm, S.A. ("Ethypharm"), by and

through their attorneys, will take the deposition of Defendant Teva Pharmaceuticals USA, Inc.

("Teva") through one or more of its officers, directors, managing agents, or other persons who

consent to testify on its behalf and who are most knowledgeable with respect to the deposition

subjects set forth in Schedule A at the time and place set forth below.

Said deposition will be taken on May 7, 2008 at  9:30 a.m. and will be taken at the

offices of Baker Botts L.L.P., 30 Rockefeller Plaza, New York, NY, or at such other time and

place as may be agreed to by the parties.   The deposition will continue day-to-day until

completed as provided in the Federal Rules of Civil Procedure and the Discovery Order in this

case.  The deposition will be recorded stenographically and by videotape.

PLEASE TAKE FURTHER NOTICE that Teva is requested to identify, on or

before May 1, 2008, its designated witnesses, their full titles and the matters to which each will

testify.

You are invited to attend and cross-examine.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*

_____

Jack B. Blumenfeld (#1014)
Mary B. Graham (#2256)
Rodger D. Smith II (#3778)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19801
jparrett@mnat.com
302.658.9200

OF COUNSEL:

Eric J. Lobenfeld
Tedd W. Van Buskirk
Arlene L. Chow
Dillon Kim
HOGAN & HARTSON LLP
875 Third Avenue
New York, New York 10022
212.918.3000

*Attorneys for Takeda Pharmaceutical
Company Ltd., TAP Pharmaceutical
Products Inc., and Ethypharm, S.A,*

Philippe Y. Riesen
HOGAN & HARTSON LLP
Shinjuku Center Building, 46th Floor
25-1 Nishi-Shinjuku 1-chome
Shinjuku, Tokyo 163-0646
Japan
(81) 3-5908-4070

Richard de Bodo
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
310.785.4600

*Attorneys for Takeda Pharmaceutical
Company Limited*

- 3 -

William F. Cavanaugh
Stuart E. Pollack
Melissa Mandrgoc
Patrick S. Almonrode
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
212.336.2000

*Attorneys for TAP Pharmaceutical*
*Products Inc.*

Paul A. Ragusa
Lisa B. Kole
Sandra S. Lee
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY  10112-4498
212.408.2500

*Attorneys for Ethypharm, S.A.*

March 27, 2008
2170543

## SCHEDULE A

## DEFINITIONS

A.    "Teva" means Defendant Teva Pharmaceuticals USA, Inc.; all parents, subsidiaries, and affiliates thereof; all divisions, predecessors, successors, and assigns of each of the foregoing; and all officers, directors, employees, agents, consultants, attorneys, and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

B.    The "Patents-in-Suit" shall mean, for purposes of this Notice, U.S. Patent Nos. 5,464,632 ("the '632 patent"), and 6,328,994 ("the '994 patent").

C.    The term "ANDA" means an Abbreviated New Drug Application filed with the Food and Drug Administration ("FDA").

D.    The term "ODT" means orally-disintegrating tablet.

E.    The term "Teva's ODT Products" mean the pharmaceutical forms which are the subject of Teva's ANDA No. 78-730.

F.    "Concerning" means comprising, containing, embodying, discussing, reflecting, identifying, referring to, relating to, describing, evidencing, or constituting.

G.    The term "communication" means the transfer or transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether oral or written.

H.    "Person" shall mean (a) natural persons (also referred to as "individuals"), (b) legal entities, including, without limitation, corporations, partnerships, firms, associations, professional corporations and proprietorships, and (c) governmental bodies or agencies.

I.    To "identify" or provide "identification" in the case of a document means to state:

      i.        The document's title and date, if any, as well as a brief description of its subject matter;

      ii.      The type or nature of the document (e.g., letter, memorandum, telegram, chart, laboratory report, etc.) and the number of pages in it;

      iii.     The identity of any person who prepared the document (and, if different, the identity of any person who signed the document);

      iv.     The date the document was drafted;

      v.      The identity of any person who received a copy of the document (whether an addressee or otherwise);

      vi.     The present whereabouts of the document and the identity of its custodian; and

      vii.    All other means of identifying the document with sufficient particularity to support a request for production under Rule 34 of the Federal Rules of Civil Procedure.

J.      To "identify" or provide "identification" in the case of a thing means to state:

      i.        A brief description of the thing, including any product numbers, part numbers, model numbers, catalog numbers, style numbers, code numbers, brand names, trade names, trademarks, commercial or governmental designations, and any other identifying markings, features, or characteristics;

      ii.      The present whereabouts of the thing;

      iii.     The identity of the person having possession, custody, or control of the thing; and

      iv.     All other means of identifying the thing with sufficient particularity to support a request for production under Rule 34 of the Federal Rules of Civil Procedure.

K.      To "identify" or provide "identification" in the case of a person means to state:

      i.        The person's home and business addresses (present or last known);

      ii.      The person's full name; and

   iii. The time period and nature of each of his or her present and prior employment positions or affiliations with Teva, if any.

L. To "identify" or provide "identification" in the case of a department, affiliate or group means to state:

   i. The full name of the department, affiliate or group;

   ii. The nature of the department, affiliate or group and its corporate relationship to or within Teva;

   iii. The location of its offices; and

   iv. The identity of each of its principals, officers, directors, partners, or members.

M. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the discovery requests inclusive rather than exclusive; use of a singular noun shall be construed to include the plural noun, and use of a plural noun shall be construed to include the singular noun; the use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the discovery request documents or information that might otherwise be construed to be outside its scope.

## RULE 30(b)(6) TOPICS

1. The identity and corporate organizational/reporting structure of the departments, affiliates, groups, and individuals involved in the research, formulation, testing, government approval, development, manufacture, distribution, sale, marketing or licensing of Teva's ODT Products.

2. The circumstances under which Teva decided to begin formulating or developing Teva's ODT Products, including but not limited to a description of the technical and marketing reasons for such development.

3.      The research, evaluation, studies, testing, calculations, analyses, statistical interpretation, validation of stability studies, formulation development reports, and any other communication or information related to the development and features of Teva's ODT Products and any lansoprazole orally-dissolving tablet formulation considered by Teva, including but not limited to any formulation abandoned, contemplated, discussed, or proposed by or for Teva.

4.      The facts and circumstances concerning the preparation, submission, and review of ANDA No. 78-730.

5.      The development, scale-up, commercial manufacture and testing of Teva's ODT Products, including but not limited to, bioequivalence testing, dissolution testing, stability studies, in vivo and in vitro tests, and test results and conclusions.

6.      Any actual or contemplated modifications to the manufacturing process set forth in ANDA No. 78-730.

7.      Any amendments, supplements, or modifications to ANDA No. 78-730.

8.      Any deficiency notices or letters from the Food and Drug Administration regarding ANDA No. 78-730.

9.      The facts and circumstances concerning the preparation and service of Teva's April 12, 2007 Notice Letter, including but not limited to the identification of all facts, documents, data, studies, investigations, opinions, and analyses that were considered in preparing the Notice Letter.

10.     The factual bases for Teva's contentions or beliefs that Teva's ODT Products have not infringed, are not infringing and will not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Patents-in-Suit, including but not

limited to the identification of all facts, documents, data, studies, investigation, opinions, and analyses that support Teva's contentions or beliefs.

11.    The factual bases for Teva's contentions or beliefs that the claims of the Patents-in-Suit are invalid and/or unenforceable for failure to comply with the requirements of the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, including but not limited to the identification of all facts, documents, data, studies, investigation, opinions, and analyses that support Teva's contentions or beliefs.

12.    The date upon and circumstances under which Teva first learned of the existence of each of the Patents-in-Suit.

13.    The facts and circumstances concerning any efforts by Teva to monitor the prosecution of any of the Patents-in-Suit, related applications to the Patents-in-Suit, and/or foreign counterpart applications to the Patents-in-Suit.

14.    The facts and circumstances concerning any due diligence or other efforts undertaken by Teva concerning the validity and/or enforceability of any of the Patents-in-Suit, related applications to the Patents-in-Suit, and/or foreign counterpart applications to the Patents-in-Suit.

15.    Teva's patent application(s), whether filed in the U.S. under the Patent Cooperation Treaty, or in any country, relating to any lansoprazole ODT products.

16.    Teva's strategies, expectations, and results for the marketing of Teva's ODT Products, and the development of training materials, marketing materials, product road maps, and promotional efforts for Teva's ODT Products.

17.    All facts concerning the importance or impact of Teva's use of the Patents-in-Suit in the marketing and sales of Teva's ODT Products.

18.    Forecasts, models, analyses, evaluations, and projections concerning sales of Prevacid ODT®, Teva's ODT Products or lansoprazole orally-dissolving tablets (15 and 30 mg) in the United States.

19.    Information and documents relied on or reviewed by the 30(b)(6) corporate representative(s), and the identities of any persons consulted by the corporate representative(s) for purposes of becoming knowledgeable about the topics set forth in this Notice, identified with topic-by-topic particularity.

20.    The preparation of Teva's responses to Plaintiffs' Interrogatories and Requests to Admit, and Teva's efforts to collect and produce documents pursuant to Plaintiffs' Requests for the Production of Documents and Things, and Teva's document retention policies from January 2001 to the present.

21.    All facts concerning Teva's defenses in this case, including but not limited to the defenses in its proposed Amended Answer to Plaintiffs' Complaint.

22.    The identities of the person(s) most knowledgeable about each of the topics set forth above.

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> Karen L. Pascale, Esquire
> Karen E. Keller, Esquire
> YOUNG CONAWAY STARGATT & TAYLOR, LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on March 27, 2008 upon the following individuals in the manner indicated:

**BY E-MAIL AND HAND DELIVERY**

Karen L. Pascale, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

**kpascale@ycst.com**

**BY E-MAIL**

John L. North, Esquire
SUTHERLAND ASBILL & BRENNAN LLP
**john.north@sablaw.com**

Jeffrey J. Toney, Esquire
SUTHERLAND ASBILL & BRENNAN LLP
**jeffrey.toney@sablaw.com**

Laura Fahey Fritts, Esquire
SUTHERLAND ASBILL & BRENNAN LLP
**laura.fritts@sablaw.com**

Jeffrey D. Blake
SUTHERLAND ASBILL & BRENNAN LLP
**jeffrey.blake@sablaw.com**

*/s/ James W. Parrett, Jr.*
_____
James W. Parrett, Jr. (#4292)

1255493