IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LTD., TAP PHARMACEUTICAL PRODUCTS INC., and ETHYPHARM, S.A.<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC., and TEVA PHARMACEUTICAL INDUSTRIES LTD.<br><br>Defendants. | C.A. No. 07-331-SLR |

**NOTICE OF DEPOSITIONS OF TAKEDA PHARMACEUTICAL COMPANY LTD.,
TAP PHARMACEUTICAL PRODUCTS INC., AND ETHYPHARM, S.A.
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

Please take notice that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries Ltd. (collectively "Teva"), through its undersigned counsel, will take the depositions by oral examination of each of the Plaintiffs Takeda Pharmaceutical Company Ltd. ("Takeda"), TAP Pharmaceutical Products Inc. ("TAP"), and Ethypharm, S.A. ("Ethypharm") (collectively "Plaintiffs") on the topics set forth in the attached Schedule A, through one or more of their officers, directors, or managing agents, or other persons designated by Plaintiffs to testify on their behalf on June 11-13, 2008, commencing each day at 9:00 a.m. EDT.

Teva requests that each Plaintiff provide written notice, at least five days in advance of the depositions of (1) the name(s) of each designee who has consented to testify on behalf of each Plaintiff, (2) the job title of each such person(s), and (3) the topics set forth in Schedule A on which each such person(s) will testify.

The depositions will take place at the offices of Sutherland Asbill & Brennan, 1114 Avenue of the Americas, 40th floor, New York, New York 10036, or at other such time and place as may be agreed to by counsel. The depositions will be taken before an officer authorized by the laws of the United States to administer oaths and will be recorded by stenographic and videographic means. Each deposition will continue from day to day until completed, weekends and holidays excepted, with adjournments as to time and place as may be necessary. Some or all of the deposition testimony may involve real-time computer connection between the deposition taker and court reporter using software such as "LiveNote."

May 27, 2008

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
John W. Shaw (#3362) [jshaw@ycst.com]
Karen L. Pascale (# 2903) [kpascale@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600

- and –

SUTHERLAND ASBILL & BRENNAN LLP
John L. North
Jeffrey J. Toney
Ann G. Fort
999 Peachtree Street
Atlanta, Georgia 30309-3996
Telephone: 404-853-8000

*Attorneys for Defendants,
Teva Pharmaceuticals USA, Inc. and
Teva Pharmaceutical Industries, Ltd.*

## SCHEDULE A

## DEFINITIONS

1. "Teva" means defendants and counterclaim-plaintiffs Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries, Ltd., including the companies' subsidiary companies, predecessors, successors, parents, divisions, affiliates and joint ventures to which it is or was a party, as well as any current or former officers, directors, employees, attorneys, agents, consultants, accountants, servants, partners, and representatives.

2. "Takeda" means plaintiff and counterclaim-defendant Takeda Pharmaceutical Company Ltd., including its subsidiary companies, predecessors, successors, parents, divisions, affiliates and joint ventures to which it is or was a party, as well as its current or former officers, directors, employees, attorneys, agents, consultants, accountants, servants, partners, and representatives.

3. "TAP" means plaintiff and counterclaim-defendant TAP Pharmaceutical Products Inc., including its subsidiary companies, predecessors, successors, parents, divisions, affiliates and joint ventures to which it is or was a party, as well as its current or former officers, directors, employees, attorneys, agents, consultants, accountants, servants, partners, and representatives.

4. "Ethypharm" means plaintiff and counterclaim-defendant Ethypharm, S.A., including current or past subsidiary companies, parents, divisions, affiliates, joint ventures to which it is or was a party, successors, and predecessors, as well as its current or former officers, directors, employees, attorneys, agents, consultants, accountants, servants, partners, and representatives. The definition of "Ethypharm" specifically shall include Laboratoires Prographarm.

5. "Plaintiffs" means Takeda, TAP, and Ethypharm individually, collectively, or any combination thereof.

6. The "Patents-in-Suit" means, individually or collectively, U.S. Patent No. 4,628,098; U.S. Patent No. 5,045,321; U.S. Patent No. 5,464,632; and/or U.S. Patent No. 6,328,994.

7. The "Orange Book" means the Approved Drug Products with Therapeutic Equivalence Evaluations, which lists drugs approved under section 505 of the Federal Food, Drug, and Cosmetic Act.

8. The "Orange Book Patents" means, individually or collectively, U.S. Patent No. 4,628,098; U.S. Patent No. 5,045,321; U.S. Patent No. 5,464,632; and/or U.S. Patent No. 6,328,994.

9. The "'994 patent" means U.S. Patent No. 6,328,994.

10. The "'632 patent" means U.S. Patent No. 5,464,632.

11. "IND" means Investigational New Drug.

12. "NDA" means New Drug Application.

13. "ANDA" means Abbreviated New Drug Application.

14. "FDA" means the United States Food & Drug Administration.

15. "Lansoprazole Orally Disintegrating Tablets" means the lansoprazole delayed-release orally disintegrating tablets marketed and sold pursuant to NDA No. 21-428.

16. "Foreign Counterpart Application" means any patent application filed anywhere in the world outside the United States that claims priority in whole or in part from an application that resulted in a given patent, that is the basis for a claim of priority in whole or in part (including without limitation claims of benefits under 35 U.S.C. §§ 119(e) or 120) for a given patent, or that discloses the same subject matter as a given patent.

17. "Related Application" means any application that: (a) is a parent, child or ancestral application related in any way to a given patent; (b) is a continuation application,

4

continuation-in-part application, divisional application, file-wrapper continuation, reexamination proceeding, reissue application, provisional application, or abandoned application of such patent or the application that led to such patent; (c) claims priority in whole or in part from such patent or the application that led to such patent; (d) is the basis for a claim of priority in whole or in part (including claims of benefit under 35 U.S.C. §§ 119(e) or 120) for a given patent; or (e) shares subject matter with a given patent.

18. "Related Patent" means any patent that issued from any Related Application.

19. "Prior Art" is used in the same sense that it is used in 35 U.S.C. § 103 and includes any patent, printed publication, prior knowledge, prior use, prior sale or offer for sale, or any other act or event defined in 35 U.S.C. § 102, taken singly or in combination.

20. "Lansoprazole" means the compound having chemical formula $C_{16}H_{14}F_3N_3O_2S$ and IUPAC name 2-[[[3-methyl-4-(2,2,2-trifluroethoxy)-2-pyridyl]methyl]sulfinyl] benzimidazole.

21. "ODT" means orally disintegrating tablet(s).

22. "First Lansoprazole Action" means the litigation styled <u>Takeda Pharmaceutical Co. Ltd. v. Teva Pharmaceuticals USA, Inc.</u>, Civ. No. 06-033-SLR (D. Del. Mar. 31, 2008).

23. The term "document" shall have the broadest meaning provided by Fed. R. Civ. P. 26 and 34 and shall include all things which come within the meaning of the terms "writings and recordings" used in Fed. R. Evid. 1001. "Document" also includes tangible items such as research and development samples, prototype devices and production samples. "Documents" may be stored in either hardcopy or electronic form. Electronic documents include electronic mail, electronic mail archives, and computer code in any form. A draft, translation or non-identical copy, such as a copy containing comments or notations, is a separate document within the meaning of this term.

24. Documents that "refer or relate to" any given matter mean documents that concern, contain, discuss, describe, analyze, embody, comment upon, identify, incorporate, summarize, refer to, relate to, reflect, state, constitute, comprise or are otherwise pertinent to the matter or any aspect thereof.

25. The terms "concern" or "concerning" mean referring to, relating to, describing, evidencing or constituting.

26. "Any" and "all" shall be construed individually to mean each and every.

27. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a topic any information which might otherwise be construed to be outside of its scope.

28. As used herein, the terms "identify," "identity," and "identification" when used in reference to an individual entity means to state his or her full name, residence and business telephone numbers, present residence and business addresses if known, and his or her present or last known title, position and business affiliation.

29. As used herein, "including" means "including but not limited to."

30. As used herein, the terms "policy" and "policies" shall mean policies, established procedures, rules, or business methods.

31. As used herein, the terms "practice" and "practices" shall mean customary or habitual procedures, schedules, policies, or business methods.

32. The singular and masculine form of any noun or pronoun shall embrace and be read and applied as embracing the plural, the feminine, and the neuter, except where circumstances clearly make it inappropriate.

## DEPOSITION TOPICS

1. The preparation and submission of NDA No. 21-428 for Lansoprazole Orally Disintegrating Tablets, including but not limited to the application itself, any amendments or supplements thereto, and all test data or other information reviewed or considered as part of the preparation and submission of NDA No. 21-428.

2. All communications between Plaintiffs and the FDA concerning Lansoprazole Orally Disintegrating Tablets, NDA No. 21-428 or any amendments or supplements to NDA No. 21-428, including but not limited to all correspondence, discussions, meetings, or conferences (whether in person, by telephone, by letter, by e-mail or otherwise).

3. All research and/or testing of ODT technology and/or lansoprazole ODT formulations conducted by Plaintiffs or by anyone working at the request of Plaintiffs.

4. The preparation and submission of IND No. 60,103 for Lansoprazole Orally Disintegrating Tablets, including but not limited to the application itself, any amendments or supplements thereto, and all test data or other information reviewed or considered as part of the preparation and submission of IND No. 60,103.

5. All communications between Plaintiffs and the FDA concerning IND No. 60,103 or any amendments or supplements to IND No. 60,103, including but not limited to all correspondence, discussions, meetings, or conferences (whether in person, by telephone, by letter, by e-mail or otherwise).

6. The date(s) and circumstances of the conception and reduction to practice of the subject matter claimed in the Patents-in-Suit and an identification of any and all evidence that corroborates the date(s) of the conception of the subject matter claimed in the Patents-in-Suit.

7. Any and all diligence in the reduction to practice of the subject matter claimed in the Patents-in-Suit and an identification of any and all evidence that corroborates any and all diligence in the reduction to practice of the subject matter claimed in the Patents-in-Suit.

8. The identity of each person who contributed to the alleged invention(s) claimed in the Patents-in-Suit and the specific contributions of each person to the alleged invention(s).

9. The research, design, development, implementation, and testing (whether clinical or preclinical) of any products or lansoprazole ODT formulations that embody the claims of the Patents-in-Suit or are described in NDA No. 21-428, including but not limited to Lansoprazole Orally Disintegrating Tablets.

10. All work and/or communications with other pharmaceutical companies, including but not limited to Plaintiffs, Astra, Cima, and Zydis relating to the development of ODT technology and/or lansoprazole ODT formulations.

11. Any efforts, plans, or intentions relating to or concerning the future development, change, or improvement of any products or lansoprazole ODT formulations that embody the claims of the Patents-in-Suit or are described in NDA No. 21-428, including but not limited to any attempt to develop generic or over-the-counter versions of the Lansoprazole Orally Disintegrating Tablets.

12. The manufacture of any products or lansoprazole ODT formulations that embody the claims of the Patents-in-Suit or are described in NDA No. 21-428, including but not limited to Lansoprazole Orally Disintegrating Tablets.

13. The ingredients (whether active or inactive) in any products or lansoprazole ODT formulations that embody the claims of the Patents-in-Suit or are described in NDA No. 21-428, including but not limited to the purpose for which each such ingredient is used.

14.     Every internal name, code, nickname, and/or designation that Plaintiffs have used to identify any ODT technology formulation developed, tested and/or manufactured by or for Plaintiffs, including but not limited to the lansoprazole ODT formulations described in NDA No. 21-428, and the corresponding formulation described by the internal name, code, nickname, and/or designation. This topic includes but is not limited to the information provided in TAP's and Takeda's Response to Teva's Interrogatory No. 7 and Ethypharm's Response to Teva's Interrogatory No. 8.

15.     All research and/or testing (whether clinical or preclinical) performed by or at the direction of Plaintiffs that compares any ODT formulations with any other ODT formulations regardless of the active ingredient contained in the formulation, and all articles, reports, and/or publications related to such research and/or testing.

16.     The mode of practicing each claim of the Patents-in-Suit that was considered to be the best mode on the date each Patent-in-Suit was filed.

17.     The prosecution (including the preparation and filing) of the applications that led to each of the Patents-in-Suit, any Related Patents to the Patents-in-Suit, or any patents that issued from Foreign Counterpart Applications corresponding to the applications for the Patents-in-Suit or any Related Patents to the Patents-in-Suit.

18.     The preparation and submission of any and all invention disclosure(s) during the prosecution of the applications that led to each of the Patents-in-Suit, any Related Patents to the Patents-in-Suit, or any patents that issued from Foreign Counterpart Applications corresponding to the applications for the Patents-in-Suit or any Related Patents to the Patents-in-Suit.

19.     All facts and circumstances concerning the decision to apply for reexamination of the '632 patent, and the preparation and submission of the reexamination application for the '632 patent, including without limitation an identification of all persons involved, in any manner, in

the application for such reexamination and all documents reviewed or considered as part of the application for such reexamination.

20. Any and all prior art identified by or invalidity arguments asserted by any third party prior to the date the United States Patent and Trademark Office granted the reexamination certificate for U.S. Patent No. 5,464,632.

21. All attempts to sell or otherwise commercialize any product or lansoprazole ODT formulation embodying any claim of the Patents-in-Suit, including but not limited to the first demonstration of such a product or formulation, the first use of such a product or formulation (including preclinical and clinical trials), the first effort or offer to sell or license such a product or formulation, the dates when Plaintiffs began marketing, offering for sale or selling such products or formulations, and the financial results (e.g., revenues, costs, or profits), actual or projected, attributable to such products or formulations.

22. The first publication or the first making available to the public of any drug product, compound, and/or formulation that embodies or implements the subject matter claimed in the Patents-in-Suit, including but not limited to the date of such publication or making publicly available.

23. All prior art identified by Plaintiffs, or anyone working for or at the request of Plaintiffs, in connection with any analysis or consideration of the claims of the Patents-in-Suit or any Related Patents or patent applications.

24. All activities related to prior art searches conducted for each of the claims of the Patents-in-Suit or any related patents or related applications, including but not limited to searches conducted during the prosecution of the Patents-in-Suit.

25. Any terms of any claims of any of the Patents-in-Suit that Plaintiffs contend require construction by the Court, and the constructions proposed by Plaintiffs for each such term.

26. Any and all facts that support or negate any contention(s) by Plaintiffs that Teva has infringed, is infringing, or will infringe any claim of any of the Patents-in-Suit.

27. Any and all facts that support or negate any contention(s) by Plaintiffs that the sale of Teva's lansoprazole ODT formulation would cause irreparable injury to Plaintiffs, as those terms are used in *eBay, Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006).

28. Any and all facts that support or negate any contention(s) by Plaintiffs that any remedies available at law would be inadequate to compensate Plaintiffs for any damages caused by the sale of Teva's lansoprazole ODT formulation, as those terms are used in *eBay, Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006).

29. Any and all facts that support or negate any contention(s) by Plaintiffs that the balance of hardships favors a permanent injunction preventing the sale of Teva's lansoprazole ODT formulation, as those terms are used in *eBay, Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006).

30. Any and all facts that support or negate any contention(s) by Plaintiffs that the public interest would not be disserved if the Court granted a permanent injunction preventing the sale of Teva's lansoprazole ODT formulation, as those terms are used in *eBay, Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006).

31. All license agreements or settlement agreements relating to or concerning the Patents-in-Suit, Related Patents, patents issuing from Foreign Counterpart Applications, lansoprazole ODT formulations, or products that Plaintiffs contend embody any claims of any of the Patents-in-Suit.

32. All communications between Plaintiffs relating to or concerning the Patents-in-Suit, Related Patents, patents issuing from Foreign Counterpart Applications, lansoprazole ODT formulations, or products that Plaintiffs contend embody any claims of any of the Patents-in-Suit, including but not limited to all correspondence, discussions, meetings, or conferences (whether in person, by telephone, by letter, by e-mail or otherwise).

33. Plaintiffs' ownership of and/or interest in the Patents-in-Suit, including but not limited to all assignments to and/or licenses granted by or to Plaintiffs of the Patents-in-Suit.

34. All royalties and/or other payments made to or by Plaintiffs in connection with the sales or licensing of any drug product, compound, and/or formulation embodying any claim of the Patents-in-Suit, including but not limited to Prevacid SoluTab®.

35. Any conflict, opposition, nullity or infringement proceeding in the United States or any foreign country concerning the patents-in-suit, the filing of an ANDA for any ODT formulations, or the sale or offer for sale lansoprazole ODT formulations, including but not limited to the First Lansoprazole Action.

36. The opposition to Ethypharm patent EP 548,356 in the European Patent Office, including but not limited to any and all prior art identified by or invalidity arguments asserted by any third party relating to the opposition.

37. The date and circumstances relating to when Takeda and/or TAP first learned and/or became aware of the revocation of Ethypharm patent EP 548,356 in the European Patent Office.

38. The amount of annual sales of any drug product, compound, and/or formulation embodying any claim of the Patents-in-Suit from 1995 to the present.

39. Any "secondary considerations of non-obviousness," including but not limited to unexpected results or commercial success, that support or negate the validity of any of the claims of the Patents-in-Suit.

40. The content and purpose of any advertising or marketing materials created by or for Plaintiffs related to any drug product, compound, and/or formulation embodying any claim of the Patents-in-Suit, including but not limited to Prevacid SoluTab® .

41. The budget for any advertising or marketing campaign created by or for Plaintiffs related to any drug product, compound, and/or formulation embodying any claim of the Patents-in-Suit, including but not limited to Prevacid SoluTab®.

42. The organization of, and persons employed in, any department, division or other group within Takeda, TAP, and/or Ethypharm that was or is responsible for the research, development, marketing, offering for sale, or sale of Plaintiffs' lansoprazole ODT formulation.

43. All document retention policies in effect at Takeda, TAP, and/or Ethypharm at any time between 1981 and the present.

44. Plaintiffs' search for, assembly of, and production of documents in response to Defendant Teva Pharmaceuticals USA, Inc.'s requests for the production of documents and things to Plaintiffs, including but not limited to the custodians of such documents.

45. All documents considered or reviewed in connection with the preparation and submission of Plaintiffs' responses to any interrogatories propounded by Teva in this action.

46. The identity of all persons that assisted in, or were consulted in connection with, the preparation and submission of Plaintiffs' responses to any interrogatories propounded by Teva in this action.

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on May 27, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Steven J. Balick  [sbalick@ashby-geddes.com]
>John G. Day  [jday@ashby-geddes.com]
>Lauren Maguire  [lmaguire@ashby-geddes.com]
>ASHBY & GEDDES
>500 Delaware Avenue, 8th Floor
>P.O. Box 1150
>Wilmington, DE  19899
>(302) 654-1888

I further certify that on May 27, 2008, I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

>***By E-Mail***
>
>Eric J. Lobenfeld  [ejlobenfeld@hhlaw.com]
>Tedd W. Van Buskirk  [twvanbuskirk@hhlaw.com]
>Arlene L. Chow  [alchow@hhlaw.com]
>Dillon Kim  [dkim@hhlaw.com]
>HOGAN & HARTSON LLP
>875 Third Avenue
>New York, NY 10022
>(212) 918-3000
>
>Philippe Y. Riesen  [pyriesen@hhlaw.com]
>HOGAN & HARTSON LLP
>Shinjuku Center Building, 46th Floor
>25-1 Nishi-Shinjuku 1-chome
>Shinjuku, Tokyo 163-0646
>Japan
>(81) 3-5908-0470

Richard de Bodo [rdebodo@hhlaw.com]
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 785-4600
*Attorneys for Plaintiffs Takeda Pharmaceutical Company Ltd.
and Ethypharm S.A.*

William F. Cavanaugh, Jr. [wfcavanaugh@pbwt.com]
Stuart E. Pollack [sepollack@pbwt.com]
Chad J. Peterman [cjpeterman@pbwt.com]
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000
*Attorneys for Plaintiff TAP Pharmaceutical Products Inc.*

Paul A. Ragusa [paul.ragusa@bakerbotts.com]
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, N.Y. 10112-4498
(212) 408-2588
*Attorneys for Plaintiff Ethypharm, S.A.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen L. Pascale*

Karen L. Pascale (No. 2903) [kpascale@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
*Attorneys for Defendants,
Teva Pharmaceuticals USA, Inc. and
Teva Pharmaceutical Industries, Ltd.*