IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAKEDA PHARMACEUTICAL COMPANY, LTD., TAP PHARMACEUTICAL PRODUCTS, INC., and ETHYPHARM, S.A., <br><br>  Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., and TEVA PHARMACEUTICAL INDUSTRIES, LTD., <br><br>  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  C.A. No. 07-331-SLR |

**PLAINTIFF TAP PHARMACEUTICAL PRODUCTS INC.'S RESPONSES AND OBJECTIONS TO DEFENDANTS' NOTICE OF DEPOSITION PURSUANT TO <u>FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)</u>**

Plaintiff TAP Pharmaceutical Products Inc. ("TAP"), by and through its undersigned counsel, responds and objects as follows to Defendants' (collectively, "Teva") Notice of Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6).

## <u>GENERAL OBJECTIONS</u>

1. TAP objects to the definitions, and each and every deposition topic, to the extent that they purport to impose obligations or requirements beyond the scope of those required by the Federal Rules of Civil Procedure and applicable local rules.

2. TAP objects to the definitions, and each and every deposition topic, to the extent that any of them call for the disclosure of information subject to the attorney-client privilege, work product immunity, and/or any other applicable privilege or immunity.

3. TAP objects to the definitions, and each and every deposition topic, to the extent that they are directed to subject matter without reference to any relevant time period.

4.  TAP objects to the definitions, and each and every deposition topic, to the extent that they are either irrelevant to this litigation or not reasonably calculated to lead to the discovery of admissible evidence. Statements to the effect that TAP will produce a witness to testify with respect to a particular topic do not constitute an admission that the testimony sought is relevant or admissible.

5.  TAP designees will be produced by deposition at a time and place to be agreed on by the parties. The dates requested by Teva are unacceptable, as Teva did not provide notice of these depositions at a reasonable time prior to the deposition dates it proposed, especially in consideration of the large number of deposition topics in Teva's request.

6.  These General Objections are hereby incorporated in TAP's responses to each specific topic for examination of the Notice set forth hereafter, as if set forth fully therein. Any reference to a particular General Objection within a response shall not be construed as a limitation of the set of General Objections applicable to the particular topic being addressed.

7.  TAP's specific responses are based upon information presently known and/or available to TAP through reasonable and diligent inquiry. TAP reserves the right to supplement and/or amend its responses and objections, subject to the General Objections above, should additional information become available to it.

## RESPONSES AND SPECIFIC OBJECTIONS TO NOTICE OF DEPOSITION

**Topic 1.** The preparation and submission of NDA No. 21-428 for Lansoprazole Orally Disintegrating Tablets, including but not limited to the application itself, any amendments or supplements thereto, and all test data or other information reviewed or considered as part of the preparation and submission of NDA No. 21-428.

**Objections and Response to Topic 1**

TAP objects to this topic on the ground that it is so overbroad and non-specific that TAP is unable to designate an individual who would be able to testify as to the information sought. Please explain what information about NDA No. 21-428 that Teva is seeking so that TAP may provide a witness. If Teva is seeking testimony as to particular documents, please indicate those documents by Bates numbers.

**Topic 2.** All communications between Plaintiffs and the FDA concerning Lansoprazole Orally Disintegrating Tablets, NDA No. 21-428 or any amendments or supplements to NDA No. 21-428, including but not limited to all correspondence, discussions, meetings, or conferences (whether in person, by telephone, by letter, by e-mail or otherwise).

**Objections and Response to Topic 2**

TAP objects to this topic on the ground that it is so overbroad and non-specific that TAP is unable to designate an individual who would be able to testify as to the information sought. Please identify more specifically the communications about which Teva is seeking testimony, so that TAP may provide a witness. If Teva is seeking testimony as to particular documents, please indicate those documents by Bates numbers.

**Topic 3.** All research and/or testing of ODT technology and/or lansoprazole ODT formulations conducted by Plaintiffs or by anyone working at the request of Plaintiffs.

**Objections and Response to Topic 3**

TAP objects to this topic on the ground that it is so overbroad and non-specific that TAP is unable to designate an individual who would be able to testify as to the information sought. Please explain more specifically the research and/or testing about which Teva is seeking

testimony, so that TAP may provide a witness. If Teva is seeking testimony as to particular documents, please indicate those documents by Bates numbers.

**Topic 4.** The preparation and submission of IND No. 60,103 for Lansoprazole Orally Disintegrating Tablets, including but not limited to the application itself, any amendments or supplements thereto, and all test data or other information reviewed or considered as part of the preparation and submission of IND No. 60,103.

**Objections and Response to Topic 4**

TAP objects to this topic on the ground that it is so overbroad and non-specific that TAP is unable to designate an individual who would be able to testify as to the information sought. Please identify more specifically the matters about which Teva is seeking testimony, so that TAP may provide a witness. If Teva is seeking testimony as to particular documents, please indicate those documents by Bates numbers.

**Topic 5.** All communications between Plaintiffs and the FDA concerning IND No. 60,103 or any amendments or supplements to IND No. 60,103, including but not limited to all correspondence, discussions, meetings, or conferences (whether in person, by telephone, by letter, by e-mail or otherwise).

**Objections and Response to Topic 5**

TAP objects to this topic on the ground that it is so overbroad and non-specific that TAP is unable to designate an individual who would be able to testify as to the information sought. Please identify more specifically the communications about which Teva is seeking testimony, so that TAP may provide a witness. If Teva is seeking testimony as to particular documents, please indicate those documents by Bates numbers.

**Topic 6.** The date(s) and circumstances of the conception and reduction to practice of the subject matter claimed in the Patents-in-Suit and an identification of any and all evidence that corroborates the date(s) of the conception of the subject matter claimed in the Patents-in-Suit.

**Objections and Response to Topic 6**

TAP responds that it has no knowledge as to this topic and so is unable to produce a witness.

**Topic 7.** Any and all diligence in the reduction to practice of the subject matter claimed in the Patents-in-Suit and an identification of any and all evidence that corroborates any and all diligence in the reduction to practice of the subject matter claimed in the Patents-in-Suit.

**Objections and Response to Topic 7**

TAP responds that it has no knowledge as to this topic and so is unable to produce a witness.

**Topic 8.** The identity of each person who contributed to the alleged invention(s) claimed in the Patents-in-Suit and the specific contributions of each person to the alleged invention(s).

**Objections and Response to Topic 8**

TAP responds that it has no knowledge as to this topic and so is unable to produce a witness.

**Topic 9.** The research, design, development, implementation, and testing (whether clinical or preclinical) of any products or lansoprazole ODT formulations that embody the claims of the Patents-in-Suit or are described in NDA No. 21-428, including but not limited to Lansoprazole Orally Disintegrating Tablets.

**Objections and Response to Topic 9**

TAP objects to this topic on the ground that it is so overbroad and non-specific that TAP is unable to designate an individual who would be able to testify as to the information sought. Please describe more specifically the research, design, development, implementation, and testing about which Teva is seeking testimony, so that TAP may provide a witness. If Teva is seeking testimony as to particular documents, please indicate those documents by Bates numbers.

**Topic 10.** All work and/or communications with other pharmaceutical companies, including but not limited to Plaintiffs, Astra, Cima, and Zydis relating to the development of ODT technology and/or lansoprazole ODT formulations.

**Objections and Response to Topic 10**

TAP objects to this topic on the ground that it is so overbroad and non-specific that TAP is unable to designate an individual who would be able to testify as to the information

{00222549;v1}

5

sought.  Please describe more specifically the work and/or communications about which Teva is seeking testimony, so that TAP may provide a witness.  If Teva is seeking testimony as to particular documents, please indicate those documents by Bates numbers.

**Topic 11.**  Any efforts, plans, or intentions relating to or concerning the future development, change, or improvement of any products or lansoprazole ODT formulations that embody the claims of the Patents-in-Suit or are described in NDA No. 21-428, including but not limited to any attempt to develop generic or over-the-counter versions of the Lansoprazole Orally Disintegrating Tablets.

**Objections and Response to Topic 11**

TAP objects to this topic on the ground that it is overbroad and not reasonably calculated to lead to the discovery of relevant and admissible evidence.  TAP further objects to this topic on the grounds that it seeks information that is not relevant to the claims and/or defenses of any party in this litigation.  TAP will not produce a witness to testify as to this topic.

**Topic 12.**  The manufacture of any products or lansoprazole ODT formulations that embody the claims of the Patents-in-Suit or are described in NDA No. 21-428, including but not limited to Lansoprazole Orally Disintegrating Tablets.

**Objections and Response to Topic 12**

TAP responds that it has no knowledge as to this topic and so is unable to produce a witness.

**Topic 13.**  The ingredients (whether active or inactive) in any products or lansoprazole ODT formulations that embody the claims of the Patents-in-Suit or are described in NDA No. 21-428, including but not limited to the purpose for which each such ingredient is used.

**Objections and Response to Topic 13**

TAP responds that it has no knowledge as to this topic and so is unable to produce a witness.

**Topic 14.**  Every internal name, code, nickname, and/or designation that Plaintiffs have used to identify any ODT technology formulation developed, tested and/or manufactured by or for Plaintiffs, including but not limited to the lansoprazole ODT formulations described in NDA No. 21-428, and the corresponding formulation described by the internal name, code, nickname, and/or designation.  This topic includes but is not limited to the information provided in TAP's

and Takeda's Response to Teva's Interrogatory No. 7 and Ethypharm's Response to Teva's Interrogatory No. 8.

**Objections and Response to Topic 14**

TAP objects to this topic on the ground that it is duplicative of Teva's Interrogatory No. 7, which TAP has previously answered. Subject to and without waiving these or any other objections, TAP will produce a witness to testify as to any name, code, nickname, and/or designation internal to TAP that TAP may have used to identify any ODT technology formulation developed, tested and/or manufactured by or for Plaintiffs, including but not limited to the lansoprazole ODT formulations described in NDA No. 21-428, and the corresponding formulation described by the internal name, code, nickname, and/or designation.

**Topic 15.** All research and/or testing (whether clinical or preclinical) performed by or at the direction of Plaintiffs that compares any ODT formulations with any other ODT formulations regardless of the active ingredient contained in the formulation, and all articles, reports, and/or publications related to such research and/or testing.

**Objections and Response to Topic 15**

TAP objects to this topic on the ground that it is overbroad and not reasonably calculated to lead to the discovery of relevant and admissible evidence. TAP will not produce a witness to testify as to this topic.

**Topic 16.** The mode of practicing each claim of the Patents-in-Suit that was considered to be the best mode on the date each Patent-in-Suit was filed.

**Objections and Response to Topic 16**

TAP responds that it has no knowledge as to this topic and so is unable to produce a witness.

**Topic 17.** The prosecution (including the preparation and filing) of the applications that led to each of the Patents-in-Suit, any Related Patents to the Patents-in-Suit, or any patents that issued from Foreign Counterpart Applications corresponding to the applications for the Patents-in-Suit or any Related Patents to the Patents-in-Suit.

**Objections and Response to Topic17**

TAP responds that it has no knowledge as to this topic and so is unable to produce a witness.

**Topic 18.** The preparation and submission of any and all invention disclosure(s) during the prosecution of the applications that led to each of the Patents-in-Suit, any Related Patents to the Patents-in-Suit, or any patents that issued from Foreign Counterpart Applications corresponding to the applications for the Patents-in-Suit or any Related Patents to the Patents-in-Suit.

**Objections and Response to Topic 18**

TAP responds that it has no knowledge as to this topic and so is unable to produce a witness.

**Topic 19.** All facts and circumstances concerning the decision to apply for reexamination of the '632 patent, and the preparation and submission of the reexamination application for the '632 patent, including without limitation an identification of all persons involved, in any manner, in the application for such reexamination and all documents reviewed or considered as part of the application for such reexamination.

**Objections and Response to Topic19**

TAP objects to this topic on the ground that it seeks testimony as to information that is protected from disclosure by the attorney-client privilege. Subject to and without waiving this or any other objections, TAP responds that it has no knowledge as to this topic and so is unable to produce a witness.

**Topic 20.** Any and all prior art identified by or invalidity arguments asserted by any third party prior to the date the United States Patent and Trademark Office granted the reexamination certificate for U.S. Patent No. 5,464,632.

**Objections and Response to Topic 20**

TAP responds that it has no knowledge as to this topic and so will not produce a witness.

**Topic 21.** All attempts to sell or otherwise commercialize any product or lansoprazole ODT formulation embodying any claim of the Patents-in-Suit, including but not limited to the first demonstration of such a product or formulation, the first use of such a product or

formulation (including preclinical and clinical trials), the first effort or offer to sell or license such a product or formulation, the dates when Plaintiffs began marketing, offering for sale or selling such products or formulations, and the financial results (e.g., revenues, costs, or profits), actual or projected, attributable to such products or formulations.

**Objections and Response to Topic 21**

TAP objects to this topic on the ground that it is overbroad. Subject to and without waiving this or any other objections, and to the extent TAP has knowledge thereof, TAP will produce a witness to testify as to the first demonstration of any lansoprazole ODT formulation embodying any claim of the Patents-in-Suit, the first use of such a product or formulation (including preclinical and clinical trials), the first effort or offer to sell or license such a product or formulation, the dates when Plaintiffs began marketing, offering for sale or selling such products or formulations, and the financial results (e.g., revenues, costs, or profits), actual or projected, attributable to such products or formulations.

**Topic 22.**   The first publication or the first making available to the public of any drug product, compound, and/or formulation that embodies or implements the subject matter claimed in the Patents-in-Suit, including but not limited to the date of such publication or making publicly available.

**Objections and Response to Topic 22**

Subject to and without waiving any General Objection or any other objection, TAP will produce a witness to testify as to this topic.

**Topic 23.**   All prior art identified by Plaintiffs, or anyone working for or at the request of Plaintiffs, in connection with any analysis or consideration of the claims of the Patents-in-Suit or any Related Patents or patent applications.

**Objections and Response to Topic 23**

TAP objects to this topic on the ground that it seeks testimony as to information that is protected from disclosure by the attorney-client privilege and/or work-product immunity. Subject to and without waiving this or any other objection, TAP responds that it has no knowledge as to this topic and so will not produce a witness.

{00222549;v1}

9

**Topic 24.** All activities related to prior art searches conducted for each of the claims of the Patents-in-Suit or any related patents or related applications, including but not limited to searches conducted during the prosecution of the Patents-in-Suit.

**Objections and Response to Topic 24**

TAP objects to this topic on the ground that it seeks testimony as to information that is protected from disclosure by the attorney-client privilege and/or work-product immunity. Subject to and without waiving this or any other objections, TAP responds that it has no knowledge as to this topic and so will not produce a witness.

**Topic 25.** Any terms of any claims of any of the Patents-in-Suit that Plaintiffs contend require construction by the Court, and the constructions proposed by Plaintiffs for each such term.

**Objections and Response to Topic 25**

TAP objects to this topic on the ground that it seeks to circumvent the procedure for claim construction set forth in the Scheduling Order in this matter. TAP will not produce a witness.

**Topic 26.** Any and all facts that support or negate any contention(s) by Plaintiffs that Teva has infringed, is infringing, or will infringe any claim of any of the Patents-in-Suit.

**Objections and Response to Topic 26**

TAP objects to this topic on the ground that it seeks testimony as to legal conclusions. TAP further objects to this topic on the ground that it seeks testimony by TAP that implicates knowledge held by TAP's outside counsel that said counsel are specifically prohibited from communicating to TAP. TAP further objects that, even if such communication were permitted, its content would be protected from disclosure by the attorney-client privilege and/or work product immunity. TAP will not produce a witness.

**Topic 27.** Any and all facts that support or negate any contention(s) by Plaintiffs that the sale of Teva's lansoprazole ODT formulation would cause irreparable injury to Plaintiffs, as those terms are used in *eBay, Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006).

**Objections and Response to Topic 27**

TAP objects to this topic on the ground that it seeks testimony as to legal conclusions. TAP further objects to this topic on the ground that it is so overbroad and non-specific that TAP is unable to designate an individual who would be able to testify as to the information sought.

**Topic 28.** Any and all facts that support or negate any contention(s) by Plaintiffs that any remedies available at law would be inadequate to compensate Plaintiffs for any damages caused by the sale of Teva's lansoprazole ODT formulation, as those terms are used in *eBay, Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006).

**Objections and Response to Topic 28**

TAP objects to this topic on the ground that it is overbroad and calls for testimony as to a legal conclusion. TAP will not produce a witness.

**Topic 29.** Any and all facts that support or negate any contention(s) by Plaintiffs that the balance of hardships favors a permanent injunction preventing the sale of Teva's lansoprazole ODT formulation, as those terms are used in *eBay, Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006).

**Objections and Response to Topic 29**

TAP objects to this topic on the ground that it is overbroad and calls for testimony as to a legal conclusion. TAP will not produce a witness.

**Topic 30.** Any and all facts that support or negate any contention(s) by Plaintiffs that the public interest would not be disserved if the Court granted a permanent injunction preventing the sale of Teva's lansoprazole ODT formulation, as those terms are used in *eBay, Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006).

**Objections and Response to Topic30**

TAP objects to this topic to the extent that it is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Subject to and without waiving those or any other objection, TAP will produce a witness.

**Topic 31.**  All license agreements or settlement agreements relating to or concerning the Patents-in-Suit, Related Patents, patents issuing from Foreign Counterpart Applications, lansoprazole ODT formulations, or products that Plaintiffs contend embody any claims of any of the Patents-in-Suit.

**Objections and Response to Topic 31**

TAP objects to this topic to the extent that it is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  Subject to and without waiving those or any other objection, and to the extent that TAP has knowledge of the topic, TAP will produce a witness to testify as to all license agreements or settlement agreements, to which it is a party, relating to or concerning the Patents-in-Suit, Related Patents, lansoprazole ODT formulations, or products that Plaintiffs contend embody any claims of any of the Patents-in-Suit.

**Topic 32.**  All communications between Plaintiffs relating to or concerning the Patents-in-Suit, Related Patents, patents issuing from Foreign Counterpart Applications, lansoprazole ODT formulations, or products that Plaintiffs contend embody any claims of any of the Patents-in-Suit, including but not limited to all correspondence, discussions, meetings, or conferences (whether in person, by telephone, by letter, by e-mail or otherwise).

**Objections and Response to Topic 32**

TAP objects to this topic on the ground that it is so overbroad and non-specific that TAP is unable to designate an individual who would be able to testify as to the information sought.  Please identify more specifically the communications about which Teva is seeking testimony, so that TAP may provide a witness.  If Teva is seeking testimony as to particular documents, please indicate those documents by Bates numbers.

**Topic 33.**  Plaintiffs' ownership of and/or interest in the Patents-in-Suit, including but not limited to all assignments to and/or licenses granted by or to Plaintiffs of the Patents-in-Suit.

**Objections and Response to Topic 33**

Subject to and without waiving any General Objection or any other objection, TAP will produce a witness to testify as to any ownership of and/or interest that TAP may

{00222549;v1}

12

possess in the Patents-in-Suit, including but not limited to all assignments to and/or licenses granted by or to TAP of the Patents-in-Suit.

**Topic 34.**  All royalties and/or other payments made to or by Plaintiffs in connection with the sales or licensing of any drug product, compound, and/or formulation embodying any claim of the Patents-in-Suit, including but not limited to Prevacid SoluTab®.

**Objections and Response to Topic 34**

TAP objects to this topic on the grounds that it is overly broad and seeks testimony as to information that is irrelevant to the claims and/or defenses of any party in this litigation.  Subject to and without waiving any General Objection or any other objection, TAP will produce a witness to testify as to all royalties and/or other payments made to or by TAP in connection with the sales or licensing of any drug product, compound, and/or formulation embodying any claim of the Patents-in-Suit, including but not limited to Prevacid SoluTab®.

**Topic 35.**  Any conflict, opposition, nullity or infringement proceeding in the United States or any foreign country concerning the Patents-in-Suit, the filing of an ANDA for any ODT formulations, or the sale or offer for sale lansoprazole ODT formulations, including but not limited to the First Lansoprazole Action.

**Objections and Response to Topic 35**

TAP objects to this topic to the extent that it seeks testimony as to information that is neither relevant to any issue presented in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  TAP further objects to this topic to the extent to which it seeks testimony as to information that is protected from disclosure by the attorney-client privilege and/or work-product immunity.  Subject to and without waiving this or any other objection, TAP will produce a witness to testify as to this topic.

**Topic 36.**  The opposition to Ethypharm patent EP 548,356 in the European Patent Office, including but not limited to any and all prior art identified by or invalidity arguments asserted by any third party relating to the opposition.

**Objections and Response to Topic 36**

TAP responds that it has no knowledge as to this topic and so is unable to produce a witness.

**Topic 37.** The date and circumstances relating to when Takeda and/or TAP first learned and/or became aware of the revocation of Ethypharm patent EP 548,356 in the European Patent Office.

**Objections and Response to Topic 37**

TAP objects to this topic to the extent that it seeks testimony as to information that is protected from disclosure by the attorney-client privilege and/or work-product immunity. Subject to and without waiving this or any other objection, TAP will produce a witness to testify as to this topic.

**Topic 38.** The amount of annual sales of any drug product, compound, and/or formulation embodying any claim of the Patents-in-Suit from 1995 to the present.

**Objections and Response to Topic 38**

Subject to and without waiving any General Objection or any other objection, TAP will produce a witness to testify as to this topic.

**Topic 39.** Any "secondary considerations of non-obviousness," including but not limited to unexpected results or commercial success, that support or negate the validity of any of the claims of the Patents-in-Suit.

**Objections and Response to Topic 39**

TAP objects to this topic on the ground that it calls for testimony as to a legal conclusion. TAP further objects to this topic on the ground that it seeks testimony as to matters that will be the subject of expert reports, and thus the topic seeks to circumvent the procedure for expert discovery set forth in the Scheduling Order in this matter. TAP will not produce a witness.

**Topic 40.** The content and purpose of any advertising or marketing materials created by or for Plaintiffs related to any drug product, compound, and/or formulation embodying any claim of the Patents-in-Suit, including but not limited to Prevacid SoluTab®.

**Objections and Response to Topic 40**

Subject to and without waiving any General Objection or any other objection, TAP will produce a witness to testify as to this topic as it pertains to TAP.

**Topic 41.** The budget for any advertising or marketing campaign created by or for Plaintiffs related to any drug product, compound, and/or formulation embodying any claim of the Patents-in-Suit, including but not limited to Prevacid SoluTab®.

**Objections and Response to Topic 41**

Subject to and without waiving any General Objection or any other objection, TAP will produce a witness to testify as to this topic as it pertains to TAP.

**Topic 42.** The organization of, and persons employed in, any department, division or other group within Takeda, TAP, and/or Ethypharm that was or is responsible for the research, development, marketing, offering for sale, or sale of Plaintiffs' lansoprazole ODT formulation.

**Objections and Response to Topic 42**

Subject to and without waiving any General Objection or any other objection, TAP will produce a witness to testify as to the organization of, and persons employed in, any department, division or other group within TAP that was or is responsible for the research, development, marketing, offering for sale, or sale of Plaintiffs' lansoprazole ODT formulation.

**Topic 43.** All document retention policies in effect at Takeda, TAP, and/or Ethypharm at any time between 1981 and the present.

**Objections and Response to Topic 43**

Subject to and without waiving any General Objection or any other objection, TAP will produce a witness to testify as to all document retention policies in effect at TAP at any time between 1981 and the present.

**Topic 44.**  Plaintiffs' search for, assembly of, and production of documents in response to Defendant Teva Pharmaceuticals USA, Inc.'s requests for the production of documents and things to Plaintiffs, including but not limited to the custodians of such documents.

**Objections and Response to Topic 44**

TAP objects to this topic on the ground that it seeks testimony as to information protected from disclosure by work-product immunity.  TAP will not produce a witness to testify as to this topic.

**Topic 45.**  All documents considered or reviewed in connection with the preparation and submission of Plaintiffs' responses to any interrogatories propounded by Teva in this action.

**Objections and Response to Topic 45**

TAP objects to this topic on the ground that it seeks testimony as to information protected from disclosure by the attorney-client privilege and/or work-product immunity.  TAP will not produce a witness to testify as to this topic.

**Topic 46.**  The identity of all persons that assisted in, or were consulted in connection with, the preparation and submission of Plaintiffs' responses to any interrogatories propounded by Teva in this action.

**Objections and Response to Topic 46**

TAP objects to this topic to the extent that it seeks testimony as to information protected by attorney-client privilege and/or work-product immunity, and to the extent that it is not reasonably calculated to lead to the discovery of relevant and admissible evidence.  TAP will not produce a witness to testify as to this topic.

                                        ASHBY & GEDDES

                                        /s/ *Steven J. Balick*

                                        _____
                                        Steven J. Balick (I.D. # 2114)
                                        John G. Day (I.D. # 2403)
                                        Lauren E. Maguire (I.D. # 4261)
                                        500 Delaware Avenue, 8th Floor
                                        P.O. Box 1150
                                        Wilmington, DE 19899
                                        (302) 654-1888
                                        sbalick@ashby-geddes.com
                                        jday@ashby-geddes.com
                                        lmaguire@ashby-geddes.com

                                        *Attorneys for Plaintiffs*

*Of Counsel:*

William F. Cavanaugh, Jr.
Stuart E. Pollack
Patrick S. Almonrode
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000
wfcavanaugh@pbwt.com
sepollack@pbwt.com
palmonrode@pbwt.com

*Attorneys for Plaintiff TAP Pharmaceutical Products Inc.*

Dated: June 9, 2008