IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TAKEDA PHARMACEUTICAL COMPANY,      )
LTD., TAP PHARMACEUTICAL PRODUCTS,   )
INC., and ETHYPHARM, S.A.,            )
                                      )
                    Plaintiffs,       )
                                      )
        v.                            )        C.A. No. 07-331-SLR
                                      )
TEVA PHARMACEUTICALS USA, INC., and  )
TEVA PHARMACEUTICAL INDUSTRIES,      )
LTD.,                                 )
                                      )
                    Defendants.       )

**PLAINTIFF ETHYPHARM S.A.'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S NOTICE OF DEPOSITIONS OF TAKEDA PHARMACEUTICAL
COMPANY LTD., TAP PHARMACEUTICAL PRODUCTS INC., AND ETHYPHARM,
S.A. PURSUANT TO FRCP 30(b)(6)**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Ethypharm

S.A. (hereinafter "Ethypharm" or "Plaintiff"), through its undersigned counsel, hereby objects

and responds to the Notice of Depositions propounded by Defendant/Counterclaimant, Teva

Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries Ltd. (hereinafter collectively

"Defendant"), as follows.

**GENERAL OBJECTIONS**

In addition to the objections separately set forth in response to certain Deposition Topics,

Plaintiff's responses are provided subject to the following General Objections, which are hereby

expressly incorporated by reference into each and every one of the specific responses below.

The failure to include at this time any general or specific objection to a Deposition Topic is

neither intended as, nor shall in any way be deemed, a waiver of Plaintiff's right to assert that or

any other objection at a later date.

A.    Plaintiff objects to all definitions and Deposition Topics to the extent that they rely on definitions inconsistent with, or seek to impose duties or obligations on Plaintiff beyond those imposed by or inconsistent with, the Federal Rules of Civil Procedure and the District of Delaware Rules (collectively, "the Rules").  In responding to Defendant's Deposition Topics, Plaintiff will comply fully to the extent required by the Rules.

B.    To the extent that these Deposition Topics may be construed as calling for information that is subject to a claim of privilege, including, but not limited to, the attorney client privilege, the work product doctrine, the joint defense privilege, or any constitutional, statutory or regulatory proscription against disclosure, Plaintiff hereby asserts that doctrine or privilege and objects to the Deposition Topics on that basis.  Should Plaintiff inadvertently produce or disclose such privileged information, Plaintiff expressly reserves the right to assert said privilege.

C.    Plaintiff objects to these Deposition Topics to the extent that they seek confidential and proprietary trade information in the absence of a protective order and/or confidentiality agreement.

D.    Plaintiff objects to these Deposition Topics as overly broad and unduly burdensome to the extent that they fail to be limited to a relevant time period.

E.    Plaintiff objects to these Deposition Topics to the extent that they are duplicative of one another.

F.    Plaintiff objects to these Deposition Topics to the extent that they seek information that is not relevant to any issue in this proceeding and are not reasonably calculated to lead to the discovery of admissible evidence.

G.    Plaintiff objects to these Deposition Topics to the extent that they are vague,

ambiguous, incomprehensible, or otherwise lack sufficient precision or particularity to permit a response.

     H.    Plaintiff objects to each Deposition Topic to the extent that it seeks production of information that is already in the possession of Defendant, or information that is equally available to Defendant.

     I.    In addition to the General Objections set forth above, Plaintiff will state specific objections to each Deposition Topic where appropriate. By setting forth such specific objections, Plaintiff does not intend to limit or restrict the General Objections set forth above, which are hereby expressly incorporated by reference into each and every one of the responses below. To the extent that Plaintiff responds to these specific Deposition Topics, stated objections are not waived by providing information pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. In addition, the inadvertent disclosure of privileged information shall not constitute a waiver of any implacable privilege.

     J.    Plaintiff's specific responses are based upon information presently known and/or available to Plaintiff through reasonable and diligent inquiry. Plaintiff reserves the right to supplement and/or amend its responses and objections, subject to the General Objections above, should additional information become available to it.

## OBJECTIONS AND RESPONSES

### DEPOSITION TOPIC NO. 1:

The preparation and submission of NDA No. 21-428 for Lansoprazole Orally Disintegrating Tablets, including but not limited to the application itself, any amendments or supplements thereto, and all test data or other information reviewed or considered as part of the preparation and submission of NDA No. 21-428.

### RESPONSE:

In addition to its General Objections above and to the extent Ethypharm understands this Topic, Ethypharm states that it has no witness to testify under this Topic.

### DEPOSITION TOPIC NO. 2:

All communications between Plaintiffs and the FDA concerning Lansoprazole Orally Disintegrating Tablets, NDA No. 21-428 or any amendments or supplements to NDA No. 21-428, including but not limited to all correspondence, discussions, meetings, or conferences (whether in person, by telephone, by letter, by e-mail or otherwise).

### RESPONSE:

In addition to its General Objections above and to the extent Ethypharm understands this Topic, Ethypharm states that it has no witness to testify under this Topic.

### DEPOSITION TOPIC NO. 3:

All research and/or testing of ODT technology and/or lansoprazole ODT formulations conducted by Plaintiffs or by anyone working at the request of Plaintiffs.

### RESPONSE:

In addition to its General Objections above and to the extent Ethypharm understands this Topic, Ethypharm objects to this Topic on the grounds that it is overly broad, vague and ambiguous with respect to the terms "all research and/or testing" and "anyone working at the request" and seeks information that is neither relevant to any issue presented in this action nor reasonably calculated to lead to the discovery of admissible evidence. Please explain with specificity the research and/or testing about which Teva is seeking testimony. If Teva is seeking testimony as to particular documents, please so indicate such document by Bates numbers.

{00222691;v1}

**DEPOSITION TOPIC NO. 4:**

The preparation and submission of IND No. 60,103 for Lansoprazole Orally Disintegrating Tablets, including but not limited to the application itself, any amendments or supplements thereto, and all test data or other information reviewed or considered as part of the preparation and submission of IND No. 60,103.

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this

Topic, Ethypharm states that it has no witness to testify under this Topic.

**DEPOSITION TOPIC NO. 5:**

All communications between Plaintiffs and the FDA concerning IND No. 60,103 or any amendments or supplements to IND No. 60,103, including but not limited to all correspondence, discussions, meetings, or conferences (whether in person, by telephone, by letter, by e-mail or otherwise).

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this

Topic, Ethypharm states that it has no witness to testify under this Topic.

**DEPOSITION TOPIC NO. 6:**

The date(s) and circumstances of the conception and reduction to practice of the subject matter claimed in the Patents-in-Suit and an identification of any and all evidence that corroborates the date(s) of the conception of the subject matter claimed in the Patents-in-Suit.

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this

Topic, Ethypharm objects to this Topic on the grounds that it is overly broad in that this Topic

seeks information that is neither relevant to any issue presented in this action nor reasonably

calculated to lead to the discovery of admissible evidence. Ethypharm objects to this Topic on

the grounds that it is vague and ambiguous with respect to the term "any and all evidence."

Subject to and without waiving its objections, Ethypharm will make available a witness

responsive to this Topic, to the extent one exists.

**DEPOSITION TOPIC NO. 7:**

Any and all diligence in the reduction to practice of the subject matter claimed in the Patents-in-Suit and an identification of any and all evidence that corroborates any and all diligence in the reduction to practice of the subject matter claimed in the Patents-in-Suit.

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this Topic, Ethypharm objects to this Topic on the grounds that it is overly broad, vague and ambiguous with respect to the terms "any and all evidence" and "any and all diligence" in that this Topic seeks information that is neither relevant to any issue presented in this action nor reasonably calculated to lead to the discovery of admissible evidence. Please explain with specificity the evidence and diligence about which Teva is seeking testimony. If Teva is seeking testimony as to particular documents, please so indicate such documents by Bates numbers.

**DEPOSITION TOPIC NO. 8:**

The identity of each person who contributed to the alleged invention(s) claimed in the Patents-in-Suit and the specific contributions of each person to the alleged invention(s).

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this Topic, Ethypharm objects to this Topic on the grounds that it is vague and ambiguous in its use of the terms "alleged" and "contributed." Subject to and without waiving any objections, Ethypharm responds as follows: see Ethypharm's Initial Disclosure Statement Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Ethypharm will make available a witness responsive to this Topic, to the extent one exists.

**DEPOSITION TOPIC NO. 9:**

The research, design, development, implementation, and testing (whether clinical or preclinical) of any products or lansoprazole ODT formulations that embody the claims of the Patents-in-Suit or are described in NDA No. 21-428, including but not limited to Lansoprazole

Orally Disintegrating Tablets.

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this Topic, Ethypharm objects to this Topic on the grounds that it is overly broad, vague and ambiguous with respect to the terms "research, design, development, implementation, and testing" and "any products" and seeks information that is neither relevant to any issue presented in this action nor reasonably calculated to lead to the discovery of admissible evidence in calling for development of ODT technology outside of the lansoprazole ODT technology. Please explain with specificity the research, design, development, implementation, and testing about which Teva is seeking testimony. If Teva is seeking testimony as to particular documents, please so indicate such documents by Bates numbers.

**DEPOSITION TOPIC NO. 10:**

All work and/or communications with other pharmaceutical companies, including but not limited to Plaintiffs, Astra, Cima, and Zydis relating to the development of ODT technology and/or lansoprazole ODT formulations.

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this Topic, Ethypharm objects to this Topic on the grounds that the Topic is overly broad, vague and ambiguous in its use of the terms "all work and/or communications". Please explain with specificity the work and/or communications about which Teva is seeking testimony. If Teva is seeking testimony as to particular documents, please so indicate such documents by Bates numbers.

**DEPOSITION TOPIC NO. 11:**

Any efforts, plans, or intentions relating to or concerning the future development, change, or improvement of any products or lansoprazole ODT formulations that embody the claims of the Patents-in-Suit or are described in NDA No. 21-428, including but not limited to any attempt

to develop generic or over-the-counter versions of the Lansoprazole Orally Disintegrating Tablets.

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this Topic, Ethypharm objects to this Topic on the grounds that it is vague and ambiguous, and seeks information that is neither relevant to any issue presented in this action nor reasonably calculated to lead to the discovery of admissible evidence. Ethypharm further objects to this Topic on the grounds that it seeks information that is not relevant to the claims and/or defenses of any party in this litigation.

**DEPOSITION TOPIC NO. 12:**

The manufacture of any products or lansoprazole ODT formulations that embody the claims of the Patents-in-Suit or are described in NDA No. 21-428, including but not limited to Lansoprazole Orally Disintegrating Tablets.

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this Topic, Ethypharm objects to this Topic on the grounds that it is overly broad, vague and ambiguous in its use of the terms "any products." Subject to and without waiving its objections, Ethypharm will make available a witness responsive to this Topic, to the extent one exists.

**DEPOSITION TOPIC NO. 13:**

The ingredients (whether active or inactive) in any products or lansoprazole ODT formulations that embody the claims of the Patents-in-Suit or are described in NDA No. 21-428, including but not limited to the purpose for which each such ingredient is used.

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this Topic, Ethypharm objects to this Topic on the grounds that it is overly broad, vague and ambiguous in its use of the terms "ingredients in any products" and seeks information that is neither relevant to any issue presented in this action nor reasonably calculated to lead to the

discovery of admissible evidence. Subject to and without waiving its objections, Ethypharm will

make available a witness responsive to this Topic, to the extent one exists.

**DEPOSITION TOPIC NO. 14:**

Every internal name, code, nickname, and/or designation that Plaintiffs have used to identify any ODT technology formulation developed, tested and/or manufactured by or for Plaintiffs, including but not limited to the lansoprazole ODT formulations described in NDA No. 21-428, and the corresponding formulation described by the internal name, code, nickname, and/or designation. This topic includes but is not limited to the information provided in TAP's and Takeda's Response to Teva's Interrogatory No. 7 and Ethypharm's Response to Teva's Interrogatory No. 8.

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this

Topic, Ethypharm objects to this Topic on the grounds that it is overly broad, vague and

ambiguous in its use of the terms "any ODT technology". Ethypharm further objects on the

ground that this Topic is duplicative of Teva's Interrogatory No. 8, which Ethypharm has

previously answered. Subject to and without waiving any objections, Ethypharm will make

available a witness responsive to this Topic, to the extent one exists.

**DEPOSITION TOPIC NO. 15:**

All research and/or testing (whether clinical or preclinical) performed by or at the direction of Plaintiffs that compares any ODT formulations with any other ODT formulations regardless of the active ingredient contained in the formulation, and all articles, reports, and/or publications related to such research and/or testing.

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this

Topic, Ethypharm objects to this Topic on the grounds that it is overly broad, vague and

ambiguous with respect to the terms "all research and/or testing" and "compares" and

"regardless of the active ingredient" and seeks information that is neither relevant to any issue

presented in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Please explain with specificity the research and/or testing about which Teva is seeking testimony. If Teva is seeking testimony as to particular documents, please so indicate such documents by Bates numbers.

**DEPOSITION TOPIC NO. 16:**

The mode of practicing each claim of the Patents-in-Suit that was considered to be the best mode on the date each Patent-in-Suit was filed.

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this Topic, Ethypharm objects to this Topic on the grounds that it is overly broad, vague, and ambiguous and seeks information that is neither relevant to any issue presented in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Ethypharm will make available a witness responsive to this Topic, to the extent one exists.

**DEPOSITION TOPIC NO. 17:**

The prosecution (including the preparation and filing) of the applications that led to each of the Patents-in-Suit, any Related Patents to the Patents-in-Suit, or any patents that issued from Foreign Counterpart Applications corresponding to the applications for the Patents-in-Suit or any Related Patents to the Patents-in-Suit.

**RESPONSE:**

In addition to its General Objections set forth above and to the extent Ethypharm understands this Topic, Ethypharm objects to this Topic to the extent that it seeks to elicit information protected from disclosure by the attorney-client privilege. Subject to and without waiving its objections, Ethypharm will make available a witness responsive to this Topic, to the extent one exists.

**DEPOSITION TOPIC NO. 18:**

The preparation and submission of any and all invention disclosure(s) during the

prosecution of the applications that led to each of the Patents-in-Suit, any Related Patents to the Patents-in-Suit, or any patents that issued from Foreign Counterpart Applications corresponding to the applications for the Patents-in-Suit or any Related Patents to the Patents-in-Suit.

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this Topic, Ethypharm objects to this Topic on the grounds that it seeks to elicit information protected from disclosure by the attorney client privilege.

**DEPOSITION TOPIC NO. 19:**

All facts and circumstances concerning the decision to apply for reexamination of the '632 patent, and the preparation and submission of the reexamination application for the '632 patent, including without limitation an identification of all persons involved, in any manner, in the application for such reexamination and all documents reviewed or considered as part of the application for such reexamination.

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this Topic, Ethypharm objects to this Topic on the grounds that it overly broad, vague and ambiguous to the extent it calls for "all persons involved, in any manner" and "all documents reviewed or considered". Please explain with specificity the persons and documents about which Teva is seeking testimony. If Teva is seeking testimony as to particular documents, please so indicate such documents by Bates numbers. Ethypharm further objects to this Topic on the grounds that it seeks to elicit information protected from disclosure by the attorney client privilege.

**DEPOSITION TOPIC NO. 20:**

Any and all prior art identified by or invalidity arguments asserted by any third party prior to the date the United States Patent and Trademark Office granted the reexamination certificate for U.S. Patent No. 5,464,632.

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this Topic, Ethypharm objects to this Topic on the grounds that it is overly broad, vague and

ambiguous. Please explain with specificity the prior art and third parties about which Teva is seeking testimony. If Teva is seeking testimony as to particular documents, please so indicate such documents by Bates numbers.

## DEPOSITION TOPIC NO. 21:

All attempts to sell or otherwise commercialize any product or lansoprazole ODT formulation embodying any claim of the Patents-in-Suit, including but not limited to the first demonstration of such a product or formulation, the first use of such a product or formulation (including preclinical and clinical trials), the first effort or offer to sell or license such a product or formulation, the dates when Plaintiffs began marketing, offering for sale or selling such products or formulations, and the financial results (e.g., revenues, costs, or profits), actual or projected, attributable to such products or formulations.

## RESPONSE:

In addition to its General Objections above and to the extent Ethypharm understands this Topic, Ethypharm objects to this Topic on the grounds that these topics are overly broad, vague and ambiguous. Subject to and without waiving its objections, Ethypharm will make available a witness responsive to this Topic, to the extent one exists.

## DEPOSITION TOPIC NO. 22:

The first publication or the first making available to the public of any drug product, compound, and/or formulation that embodies or implements the subject matter claimed in the Patents-in-Suit, including but not limited to the date of such publication or making publicly available.

## RESPONSE:

In addition to its General Objections above and to the extent Ethypharm understands this Topic, Ethypharm objects to this Topic on the grounds that these topics are overly broad, vague and ambiguous to the extent it calls for "any drug product, compound, and/or formulation." Subject to and without waiving its objections, Ethypharm will make available a witness responsive to this Topic, to the extent one exists.

**DEPOSITION TOPIC NO. 23:**

All prior art identified by Plaintiffs, or anyone working for or at the request of Plaintiffs, in connection with any analysis or consideration of the claims of the Patents-in-Suit or any Related Patents or patent applications.

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this

Topic, Ethypharm objects to this Topic on the grounds that this topic is overly broad, vague and

ambiguous to the extent it calls for "anyone." Ethypharm further objects to this Topic on the

grounds that it seeks to elicit information protected from disclosure by the attorney client

privilege. Subject to and without waiving its objections, Ethypharm will make available a

witness responsive to this Topic, to the extent one exists.

**DEPOSITION TOPIC NO. 24:**

All activities related to prior art searches conducted for each of the claims of the Patents-in-Suit or any related patents or related applications, including but not limited to searches conducted during the prosecution of the Patents-in-Suit.

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this

Topic, Ethypharm objects to this Topic on the grounds that this topic is overly broad and unduly

burdensome. Ethypharm further objects to this Topic on the grounds that it seeks to elicit

information protected from disclosure by the attorney client privilege. Subject to and without

waiving its objections, Ethypharm will make available a witness responsive to this Topic, to the

extent one exists.

**DEPOSITION TOPIC NO. 25:**

Any terms of any claims of any of the Patents-in-Suit that Plaintiffs contend require construction by the Court, and the constructions proposed by Plaintiffs for each such term.

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this

Topic, Ethypharm objects to this Topic on the grounds that this topic is premature as Plaintiffs

have not received complete discovery from Defendants. Ethypharm further objects to this Topic

to the extent that it seeks to elicit information protected from disclosure by the attorney-client

privilege and/or attorney work product doctrine.

## DEPOSITION TOPIC NO. 26:

Any and all facts that support or negate any contention(s) by Plaintiffs that Teva has infringed, is infringing, or will infringe any claim of any of the Patents-in-Suit.

## RESPONSE:

Subject to the foregoing objections and the General Objections, Ethypharm objects to the

Topic as premature. Ethypharm objects to this Topic on the grounds that it seeks to elicit

information protected from disclosure by the attorney-client privilege and/or attorney work

product doctrine. Subject to and without waiving its objections, Ethypharm states that it has no

witness to testify under this Topic.

## DEPOSITION TOPIC NO. 27:

Any and all facts that support or negate any contention(s) by Plaintiffs that the sale of Teva's lansoprazole ODT formulation would cause irreparable injury to Plaintiffs, as those terms are used in *eBay, Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006).

## RESPONSE:

Subject to the foregoing objections and the General Objections, Ethypharm objects to this

Topic to the extent that it seeks to elicit information protected from disclosure by the attorney-

client privilege and/or attorney work product doctrine. Subject to and without waiving its

objections, Ethypharm states that it has no witness to testify under this Topic.

## DEPOSITION TOPIC NO. 28:

Any and all facts that support or negate any contention(s) by Plaintiffs that any remedies available at law would be inadequate to compensate Plaintiffs for any damages caused by the sale of Teva's lansoprazole ODT formulation, as those terms are used in *eBay, Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006).

**RESPONSE:**

Subject to the foregoing objections and the General Objections, Ethypharm objects to this Topic to the extent that it seeks to elicit information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving its objections, Ethypharm states that it has no witness to testify under this Topic.

**DEPOSITION TOPIC NO. 29:**

Any and all facts that support or negate any contention(s) by Plaintiffs that the balance of hardships favors a permanent injunction preventing the sale of Teva's lansoprazole ODT formulation, as those terms are used in *eBay, Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006).

**RESPONSE:**

Subject to the foregoing objections and the General Objections, Ethypharm objects to this Topic to the extent that it seeks to elicit information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Subject to and without waiving its objections, Ethypharm states that it has no witness to testify under this Topic.

**DEPOSITION TOPIC NO. 30:**

Any and all facts that support or negate any contention(s) by Plaintiffs that the public interest would not be disserved if the Court granted a permanent injunction preventing the sale of Teva's lansoprazole ODT formulation, as those terms are used in *eBay, Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006).

**RESPONSE:**

Subject to the foregoing objections and the General Objections, Ethypharm objects to this Topic to the extent that it seeks to elicit information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Subject to and without waiving its objections, Ethypharm states that it has no witness to testify under this Topic.

**DEPOSITION TOPIC NO. 31:**

All license agreements or settlement agreements relating to or concerning the Patents-in-Suit, Related Patents, patents issuing from Foreign Counterpart Applications, lansoprazole ODT

formulations, or products that Plaintiffs contend embody any claims of any of the Patents-in-Suit.

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this Topic, Ethypharm objects to this Topic on the grounds that it is overly broad, vague and ambiguous in its use of the terms "or products" and "agreements". Ethypharm further objects to this Topic on the grounds that it seeks documents that are not relevant to the claims and/or defenses of any party in this litigation. Subject to and without waiving its objections, Ethypharm will make available a witness responsive to this Topic, to the extent one exists.

**DEPOSITION TOPIC NO. 32:**

All communications between Plaintiffs relating to or concerning the Patents-in-Suit, Related Patents, patents issuing from Foreign Counterpart Applications, lansoprazole ODT formulations, or products that Plaintiffs contend embody any claims of any of the Patents-in-Suit, including but not limited to all correspondence, discussions, meetings, or conferences (whether in person, by telephone, by letter, by e-mail or otherwise).

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this Topic, Ethypharm objects to this Topic on the grounds that it is overly broad, vague and ambiguous. Please explain with specificity the communications about which Teva is seeking testimony. If Teva is seeking testimony as to particular documents, please so indicate such documents by Bates numbers. Ethypharm further objects to this Topic to the extent that it seeks to elicit information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

**DEPOSITION TOPIC NO. 33:**

Plaintiffs' ownership of and/or interest in the Patents-in-Suit, including but not limited to all assignments to and/or licenses granted by or to Plaintiffs of the Patents-in-Suit.

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this Topic, Ethypharm objects to this Topic on the grounds that it is overly broad. Subject to and without waiving its objections, Ethypharm will make available a witness responsive to this Topic, to the extent one exists.

**DEPOSITION TOPIC NO. 34:**

All royalties and/or other payments made to or by Plaintiffs in connection with the sales or licensing of any drug product, compound, and/or formulation embodying any claim of the Patents-in-Suit, including but not limited to Prevacid SoluTab®.

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this Topic, Ethypharm objects to this Topic on the grounds that it is overly broad and seeks material irrelevant to the claims or defenses in this action and is not reasonably calculated to lead to the discovery of admissible evidence.  Ethypharm objects to this Topic on the grounds that it is vague and ambiguous in its use of the terms "all royalties and/or other payments" and "any drug product, compound, and/or formulation."   Subject to and without waiving its objections, Ethypharm will make available a witness responsive to this Topic, to the extent one exists.

**DEPOSITION TOPIC NO. 35:**

Any conflict, opposition, nullity or infringement proceeding in the United States or any foreign country concerning the patents-in-suit, the filing of an ANDA for any ODT formulations, or the sale or offer for sale lansoprazole ODT formulations, including but not limited to the First Lansoprazole Action.

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this Topic, Ethypharm objects to this Topic on the grounds that it is overly broad, vague and ambiguous in its use of "any ODT formulations," and seeks information that is neither relevant

to any issue presented in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Ethypharm will make available a witness responsive to this Topic, to the extent one exists.

**DEPOSITION TOPIC NO. 36:**

The opposition to Ethypharm patent EP 548,356 in the European Patent Office, including but not limited to any and all prior art identified by or invalidity arguments asserted by any third party relating to the opposition.

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this Topic, Ethypharm objects to this Topic on the grounds that it is overly broad, vague and ambiguous and seeks information that is neither relevant to any issue presented in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Ethypharm will make available a witness responsive to this Topic, to the extent one exists.

**DEPOSITION TOPIC NO. 37:**

The date and circumstances relating to when Takeda and/or TAP first learned and/or became aware of the revocation of Ethypharm patent EP 548,356 in the European Patent Office.

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this Topic, Ethypharm objects to this Topic on the grounds that it is overly broad, vague and ambiguous. Please explain with specificity the circumstances about which Teva is seeking testimony. Ethypharm further objects to this Topic to the extent that it seeks to elicit information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving its objections, Ethypharm states that it has no witness to testify under this Topic.

**DEPOSITION TOPIC NO. 38:**

The amount of annual sales of any drug product, compound, and/or formulation embodying any claim of the Patents-in-Suit from 1995 to the present.

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this Topic, Ethypharm objects to this Topic on the grounds that it is overly broad, vague and ambiguous in its use of the term "any drug product, compound and/or formulation." Subject to and without waiving its objections, Ethypharm will make available a witness responsive to this Topic, to the extent one exists.

**DEPOSITION TOPIC NO. 39:**

Any "secondary considerations of non-obviousness," including but not limited to unexpected results or commercial success, that support or negate the validity of any of the claims of the Patents-in-Suit.

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this Topic, Ethypharm objects to this Topic on the grounds that it is vague and ambiguous. Ethypharm further objects to this Topic to the extent that it seeks to elicit information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

**DEPOSITION TOPIC NO. 40:**

The content and purpose of any advertising or marketing materials created by or for Plaintiffs related to any drug product, compound, and/or formulation embodying any claim of the Patents-in-Suit, including but not limited to Prevacid SoluTab®.

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this Topic, Ethypharm objects to this Topic on the grounds that it is overly broad, vague, and ambiguous in its use of the term "any drug product, compound, and/or formulation", and seeks information that is neither relevant to any issue presented in this action nor reasonably calculated

to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Ethypharm will make available a witness responsive to this Topic, to the extent one exists.

**DEPOSITION TOPIC NO. 41:**

The budget for any advertising or marketing campaign created by or for Plaintiffs related to any drug product, compound, and/or formulation embodying any claim of the Patents-in-Suit, including but not limited to Prevacid SoluTab®.

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this Topic, Ethypharm objects to this Topic on the grounds that it is overly broad, vague and ambiguous in its use of the term "any drug product, compound, and/or formulation", and seeks information that is neither relevant to any issue presented in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Ethypharm will make available a witness responsive to this Topic, to the extent one exists.

**DEPOSITION TOPIC NO. 42:**

The organization of, and persons employed in, any department, division or other group within Takeda, TAP, and/or Ethypharm that was or is responsible for the research, development, marketing, offering for sale, or sale of Plaintiffs' lansoprazole ODT formulation.

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this Topic, Ethypharm objects to this Topic on the grounds that it is overly broad, vague, and ambiguous.  Subject to and without waiving its objections, Ethypharm will make available a witness responsive to this Topic, to the extent one exists.

**DEPOSITION TOPIC NO. 43:**

All document retention policies in effect at Takeda, TAP, and/or Ethypharm at any time between 1981 and the present.

**RESPONSE:**

In addition to its General Objections above and to the extent Ethypharm understands this

Topic, Ethypharm objects to this Topic on the grounds that it is overly broad. Subject to and without waiving its objections, Ethypharm will make available a witness responsive to this Topic, to the extent one exists.

**DEPOSITION TOPIC NO. 44:**

Plaintiffs' search for, assembly of, and production of documents in response to Defendant Teva Pharmaceuticals USA, Inc.'s requests for the production of documents and things to Plaintiffs, including but not limited to the custodians of such documents.

**RESPONSE:**

Subject to the foregoing objections and the General Objections, Ethypharm objects to this Topic to the extent that it seeks to elicit information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

**DEPOSITION TOPIC NO. 45:**

All documents considered or reviewed in connection with the preparation and submission of Plaintiffs' responses to any interrogatories propounded by Teva in this action.

**RESPONSE:**

Subject to the foregoing objections and the General Objections, Ethypharm objects to this Topic to the extent that it seeks to elicit information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

**DEPOSITION TOPIC NO. 46:**

The identity of all persons that assisted in, or were consulted in connection with, the preparation and submission of Plaintiffs' responses to any interrogatories propounded by Teva in this action.

**RESPONSE:**

Subject to the foregoing objections and the General Objections, Ethypharm objects to this Topic to the extent that it seeks to elicit information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

ASHBY & GEDDES

/s/ Lauren E. Maguire
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302.654.1888

*Attorneys for Plaintiffs*
*Takeda Pharmaceutical Company Limited, TAP*
*Pharmaceutical Products Inc., and Ethypharm, S.A.*

*Of Counsel:*

Eric J. Lobenfeld
Tedd W. Van Buskirk
Arlene L. Chow
Dillon Kim
HOGAN & HARTSON LLP
875 Third Avenue
New York, New York 10022
212.918.3000

Philippe Y. Riesen
HOGAN & HARTSON LLP
Shinjuku Center Building, 46th Floor
25-1 Nishi-Shinjuku 1-chome
Shinjuku, Tokyo 163-0646
Japan
(81) 3-5908-4070

Richard de Bodo
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
310.785.4600

*Attorneys for Plaintiff Takeda Pharmaceutical*
*Company Limited and Ethypharm, S.A.*

Paul A. Ragusa
Lisa B. Kole
Sandra S. Lee
BAKER BOTTS, L.L.P.
30 Rockefeller Plaza
New York, NY   10112
(212) 408-2588

Attorneys for *Ethypharm, S.A.*

Dated:   June 10, 2008