IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TAKEDA PHARMACEUTICAL COMPANY, LTD., TAP PHARMACEUTICAL PRODUCTS, INC., and ETHYPHARM, S.A. | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 07-331-SLR |
| vs. | ) ) ) | |
| TEVA PHARMACEUTICALS USA, INC., and TEVA PHARMACEUTICAL INDUSTRIES, LTD., | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF TAKEDA PHARMACEUTICAL COMPANY LIMITED'S
RESPONSES AND OBJECTIONS TO TEVA PHARMACEUTICALS USA, INC. AND
TEVA PHARMACEUTICAL INDUSTRIES LTD.'S NOTICE OF DEPOSITION
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware, Plaintiff and Counterclaim-Defendant Takeda Pharmaceutical Company Limited ("Takeda"), by and through its undersigned counsel, responds and objects as follows to Defendants and Counterclaim-Plaintiffs Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries, Ltd.'s (collectively "Teva") Notice of Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6) ("Notice") without thereby waiving any rights or objections thereto or admitting the relevance, materiality or admissibility into evidence of the subject matter or facts contained in any deposition topic or the response thereto.

## **GENERAL OBJECTIONS**

1. Takeda hereby incorporates by reference the General Objections and Objections to Definitions and Instructions from Takeda's Responses and Objections to Defendants' First Set of Requests For The Production Of Documents And Things (Nos. 1-43), dated August 30, 2007.

2. Takeda objects to the Notice to the extent it purports to impose requirements beyond those authorized or permitted by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware.

3. Takeda objects to the Notice to the extent that certain of the information sought is protected by the attorney-client privilege, the work-product doctrine, and/or certain other privileges, doctrines, or immunities. Any inadvertent disclosure of protected information shall not constitute a waiver of any of the rights or privileges of Takeda.

4. Takeda objects to the Notice to the extent any topic for examination seeks testimony with respect to information unknown and not reasonably available to Takeda.

5. Takeda objects to the Notice to the extent that compliance would be unduly burdensome, expensive, annoying, or oppressive, as prohibited by the Federal Rules.

6. Takeda objects to the Notice to the extent that the scope of any topic for examination exceeds the boundaries of material that is either relevant or reasonably calculated to lead to the discovery of admissible evidence when considered against the allegations at issue between the parties to this dispute.

7. Takeda objects to the Notice to the extent that the scope of any topic for examination is not reasonably particular to any subject or line of inquiry on which examination is requested.

8. Statements to the effect that Takeda will produce a witness to testify with respect to a particular topic for examination do not constitute a representation that Takeda has any knowledge or information reasonably available to it concerning the topic.

9. Statements to the effect that Takeda will produce a witness to testify with respect to a particular topic for examination do not constitute an admission that the testimony sought is relevant, material, or admissible. Takeda responds to the Notice without conceding the relevance or materiality of any subject matter, and Takeda reserves the right to object to any further discovery or to the admissibility of any matter.

10. Takeda designees will be produced by deposition at a time and place to be agreed on by the parties without regard to any date or time expressed in the Notice.

11. These General Objections are hereby incorporated in Takeda's responses to each specific topic for examination of the Notice set forth hereafter, as if set forth fully therein. Any reference to a particular General Objection within a response shall not be construed as a limitation of the set of General Objections applicable to the particular topic for examination being addressed.

### RESPONSES AND SPECIFIC OBJECTIONS TO NOTICE OF DEPOSITION

**Topic 1.** The preparation and submission of NDA No. 21-428 for Lansoprazole Orally Disintegrating Tablets, including but not limited to the application itself, any amendments or supplements thereto, and all test data or other information reviewed or considered as part of the preparation and submission of NDA No. 21-428.

#### Objections and Response to Topic 1

Takeda objects to this deposition topic as calling for information more appropriately addressed by Plaintiff TAP Pharmaceutical Products, Inc. ("TAP"). TAP was and is primarily responsible for the preparation and submission of NDA No. 21-428.

**Topic 2.** All communications between Plaintiffs and the FDA concerning Lansoprazole Orally Disintegrating Tablets, NDA No. 21-428 or any amendments or supplements to NDA No. 21-428, including but not limited to all correspondence, discussions, meetings, or conferences (whether in person, by telephone, by letter, by e-mail or otherwise).

**Objections and Response to Topic 2**

Takeda objects to this deposition topic as calling for information more appropriately addressed by Plaintiff TAP. TAP was and is primarily responsible for the preparation and submission of NDA No. 21-428 and all correspondence with the FDA.

**Topic 3.** All research and/or testing of ODT technology and/or lansoprazole ODT formulations conducted by Plaintiffs or by anyone working at the request of Plaintiffs.

**Objections and Response to Topic 3**

Takeda objects to this topic on the ground that it is so overbroad and non-specific that Takeda is unable to designate an individual who would be able to testify as to the information sought. Please explain more specifically the research and/or testing about which Teva is seeking testimony, so that Takeda may provide a witness. If Teva is seeking testimony as to particular documents, please so indicate which documents by Bates numbers.

**Topic 4.** The preparation and submission of IND No. 60,103 for Lansoprazole Orally Disintegrating Tablets, including but not limited to the application itself, any amendments or supplements thereto, and all test data or other information reviewed or considered as part of the preparation and submission of IND No. 60,103.

**Objections and Response to Topic 4**

Takeda objects to this deposition topic as calling for information more appropriately addressed by Plaintiff TAP. TAP was and is primarily responsible for the preparation and submission of IND No. 60,103.

**Topic 5.** All communications between Plaintiffs and the FDA concerning IND No. 60,103 or any amendments or supplements to IND No. 60,103, including but not limited to all correspondence, discussions, meetings, or conferences (whether in person, by telephone, by letter, by e-mail or otherwise).

**Objections and Response to Topic 5**

Takeda objects to this deposition topic as calling for information more appropriately addressed by Plaintiff TAP. TAP was and is primarily responsible for the preparation and submission of IND No. 60,103 and all correspondence with the FDA.

**Topic 6.** The date(s) and circumstances of the conception and reduction to practice of the subject matter claimed in the Patents-in-Suit and an identification of any and all evidence that corroborates the date(s) of the conception of the subject matter claimed in the Patents-in-Suit.

**Objections and Response to Topic 6**

Takeda incorporates by reference the objections raised in its Responses and Objections to Defendant Teva Pharmaceuticals USA, Inc.'s First Set of Interrogatories, Response No. 4. Without waiver of the General or forgoing objections, Takeda will produce a witness to testify generally regarding the conception and reduction to practice of the subject matter claimed in the '994 patent-in-suit. Takeda has no knowledge as to this topic with regard to the '632 patent-in-suit so is unable to produce a witness.

**Topic 7.** Any and all diligence in the reduction to practice of the subject matter claimed in the Patents-in-Suit and an identification of any and all evidence that corroborates any and all diligence in the reduction to practice of the subject matter claimed in the Patents-in-Suit.

**Objections and Response to Topic 7**

Takeda incorporates by reference the objections raised in its Responses and Objections to Defendant Teva Pharmaceuticals USA, Inc.'s First Set of Interrogatories, Response No. 4. Without waiver of the General or forgoing objections, Takeda will produce a witness to testify generally regarding the reduction to practice of the subject matter claimed in the '994 patent-in-suit. Takeda has no knowledge as to this topic with regard to the '632 patent-in-suit so is unable to produce a witness.

**Topic 8.** The identity of each person who contributed to the alleged invention(s) claimed in the Patents-in-Suit and the specific contributions of each person to the alleged invention(s).

**Objections and Response to Topic 8**

Takeda incorporates by reference the objections raised in its Responses and Objections to Defendant Teva Pharmaceuticals USA, Inc.'s First Set of Interrogatories, Response No. 4. Without waiver of the General or forgoing objections, Takeda will produce a witness to testify generally regarding the conception, reduction to practice, research, development, and testing of the subject matter claimed in the in the '994 patent-in-suit. Takeda has no knowledge as to this topic with regard to the '632 patent-in-suit so is unable to produce a witness.

**Topic 9.** The research, design, development, implementation, and testing (whether clinical or preclinical) of any products or lansoprazole ODT formulations that embody the claims of the Patents-in-Suit or are described in NDA No. 21-428, including but not limited to Lansoprazole Orally Disintegrating Tablets.

**Objections and Response to Topic 9**

Takeda objects to this topic on the ground that it is so overbroad and non-specific that Takeda is unable to designate an individual who would be able to testify as to the information sought. Please describe more specifically the research, design, development, implementation, and testing about which Teva is seeking testimony, so that Takeda may provide a witness. If Teva is seeking testimony as to particular documents, please so indicate which documents by Bates numbers.

**Topic 10.** All work and/or communications with other pharmaceutical companies, including but not limited to Plaintiffs, Astra, Cima, and Zydis relating to the development of ODT technology and/or lansoprazole ODT formulations.

**Objections and Response to Topic 10**

Takeda objects to this topic on the ground that it is so overbroad and non-specific that Takeda is unable to designate an individual who would be able to testify as to the information sought. Please describe more specifically the work and/or communications about which Teva is seeking testimony, so that Takeda may provide a witness. If Teva is seeking testimony as to particular documents, please so indicate which documents by Bates numbers.

**Topic 11.** Any efforts, plans, or intentions relating to or concerning the future development, change, or improvement of any products or lansoprazole ODT formulations that embody the claims of the Patents-in-Suit or are described in NDA No. 21-428, including but not limited to any attempt to develop generic or over-the-counter versions of the Lansoprazole Orally Disintegrating Tablets.

**Objections and Response to Topic 11**

Takeda objects to this topic on the ground that it is overbroad and not reasonably calculated to lead to the discovery of relevant and admissible evidence. Takeda will not produce a witness to testify as to this topic.

**Topic 12.** The manufacture of any products or lansoprazole ODT formulations that embody the claims of the Patents-in-Suit or are described in NDA No. 21-428, including but not limited to Lansoprazole Orally Disintegrating Tablets.

**Objections and Response to Topic 12**

Takeda objects to this deposition topic as overbroad and unduly burdensome to the extent that it calls for information outside the manufacturing methods described in NDA No. 21-428. Takeda further objects on the grounds that this topic is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence when considered against the allegations at issue between the parties to this dispute. Without waiver of the General or forgoing objections,

Takeda will produce a witness to testify regarding the manufacturing methods described in NDA No. 21-428.

**Topic 13.** The ingredients (whether active or inactive) in any products or lansoprazole ODT formulations that embody the claims of the Patents-in-Suit or are described in NDA No. 21-428, including but not limited to the purpose for which each such ingredient is used.

**Objections and Response to Topic 13**

Takeda objects to this deposition topic as overbroad and unduly burdensome to the extent that it calls for information other than the ingredients described in NDA No. 21-428. Takeda further objects on the grounds that this topic is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence when considered against the allegations at issue between the parties to this dispute. Without waiver of the General or forgoing objections, Takeda will produce a witness to testify regarding the ingredients described in NDA No. 21-428.

**Topic 14.** Every internal name, code, nickname, and/or designation that Plaintiffs have used to identify any ODT technology formulation developed, tested and/or manufactured by or for Plaintiffs, including but not limited to the lansoprazole ODT formulations described in NDA No. 21-428, and the corresponding formulation described by the internal name, code, nickname, and/or designation. This topic includes but is not limited to the information provided in TAP's and Takeda's Response to Teva's Interrogatory No. 7 and Ethypharm's Response to Teva's Interrogatory No. 8.

**Objections and Response to Topic 14**

Takeda objects to this topic on the ground that it is duplicative of Teva's Interrogatory No. 8, which Takeda has previously answered. Subject to and without waiving these or any other objections, Takeda will produce a witness to testify as to any name, code, nickname, and/or designation internal to Takeda that Takeda may have used to identify any lansoprazole ODT technology formulation developed, tested and/or manufactured by or for Plaintiffs, including but not limited to the lansoprazole ODT formulations described in NDA No. 21-428, and the corresponding formulation described by the internal name, code, nickname, and/or designation.

**Topic 15.** All research and/or testing (whether clinical or preclinical) performed by or at the direction of Plaintiffs that compares any ODT formulations with any other ODT formulations regardless of the active ingredient contained in the formulation, and all articles, reports, and/or publications related to such research and/or testing.

**Objections and Response to Topic 15**

Takeda objects to this deposition topic as overbroad and unduly burdensome. Without waiver of the General or foregoing objections, Takeda will produce a witness to testify generally

as to research and/or testing carried out in connection with the '994 patent-in-suit. Takeda has no knowledge as to this topic with regard to the '632 patent-in-suit so is unable to produce a witness.

**Topic 16.** The mode of practicing each claim of the Patents-in-Suit that was considered to be the best mode on the date each Patent-in-Suit was filed.

**Objections and Response to Topic 16**

Without waiver of its objections, Takeda will produce a witness to testify as to this topic in connection with the '994 patent-in-suit. Takeda has no knowledge as to this topic with regard to the '632 patent-in-suit so is unable to produce a witness.

**Topic 17.** The prosecution (including the preparation and filing) of the applications that led to each of the Patents-in-Suit, any Related Patents to the Patents-in-Suit, or any patents that issued from Foreign Counterpart Applications corresponding to the applications for the Patents-in-Suit or any Related Patents to the Patents-in-Suit.

**Objections and Response to Topic 17**

Takeda objects to this deposition topic to the extent that certain of the information sought is protected by the attorney-client privilege, the work-product doctrine, and/or certain other privileges, doctrines or immunities. Without waiver of the General or foregoing objections, Takeda will produce a witness to testify as to this topic in connection with the '994 patent-in-suit. Takeda has no knowledge as to this topic with regard to the '632 patent-in-suit so is unable to produce a witness.

**Topic 18.** The preparation and submission of any and all invention disclosure(s) during the prosecution of the applications that led to each of the Patents-in-Suit, any Related Patents to the Patents-in-Suit, or any patents that issued from Foreign Counterpart Applications corresponding to the applications for the Patents-in-Suit or any Related Patents to the Patents-in-Suit.

**Objections and Response to Topic 18**

Takeda objects to this deposition topic as overbroad and unduly burdensome. Takeda further objects to this deposition topic to the extent that certain of the information sought is protected by the attorney-client privilege, the work-product doctrine, and/or certain other privileges, doctrines or immunities. Without waiver of the General or foregoing objections, Takeda will produce a witness to testify as to the general procedures regarding the preparation and submission of invention disclosures and the specific invention disclosures in connection with the '994 patent-in-suit. Takeda has no knowledge as to this topic with regard to the '632 patent-in-suit so is unable to produce a witness.

**Topic 19.** All facts and circumstances concerning the decision to apply for reexamination of the '632 patent, and the preparation and submission of the reexamination application for the '632 patent, including without limitation an identification of all persons involved, in any manner, in the application for such reexamination and all documents reviewed or considered as part of the application for such reexamination.

**Objections and Response to Topic 19**

Takeda objects to this topic on the ground that it seeks testimony as to information that is protected by the attorney-client privilege. Subject to and without waiving this or any other objections, Takeda responds that it has no knowledge as to this topic and so is unable to produce a witness.

**Topic 20.** Any and all prior art identified by or invalidity arguments asserted by any third party prior to the date the United States Patent and Trademark Office granted the reexamination certificate for U.S. Patent No. 5,464,632.

**Objections and Response to Topic 20**

Takeda responds that it has no knowledge as to this topic and so will not produce a witness.

**Topic 21.** All attempts to sell or otherwise commercialize any product or lansoprazole ODT formulation embodying any claim of the Patents-in-Suit, including but not limited to the first demonstration of such a product or formulation, the first use of such a product or formulation (including preclinical and clinical trials), the first effort or offer to sell or license such a product or formulation, the dates when Plaintiffs began marketing, offering for sale or selling such products or formulations, and the financial results (e.g., revenues, costs, or profits), actual or projected, attributable to such products or formulations.

**Objections and Response to Topic 21**

Takeda objects to this deposition topic as calling for information more appropriately addressed by TAP. TAP was and is primarily responsible for the commercialization, use, sale, advertising and marketing of products embodying the Patents-in-Suit in the United States.

**Topic 22.** The first publication or the first making available to the public of any drug product, compound, and/or formulation that embodies or implements the subject matter claimed in the Patents-in-Suit, including but not limited to the date of such publication or making publicly available.

**Objections and Response to Topic 22**

Without waiver of its objections, Takeda will produce a witness to testify as to this topic in connection with the '994 patent-in-suit. Takeda has no knowledge as to this topic with regard to the '632 patent-in-suit so is unable to produce a witness.

**Topic 23.** All prior art identified by Plaintiffs, or anyone working for or at the request of Plaintiffs, in connection with any analysis or consideration of the claims of the Patents-in-Suit or any Related Patents or patent applications.

**Objections and Response to Topic 23**

Takeda objects to this deposition topic to the extent that certain of the information sought is protected by the attorney-client privilege, the work-product doctrine, and/or certain other privileges, doctrines or immunities. Without waiver of the General or foregoing objections, Takeda will produce a witness to testify generally as to any prior art identified by Takeda in connection with the '994 patent-in-suit. Takeda has no knowledge as to this topic with regard to the '632 patent-in-suit so is unable to produce a witness.

**Topic 24.** All activities related to prior art searches conducted for each of the claims of the Patents-in-Suit or any related patents or related applications, including but not limited to searches conducted during the prosecution of the Patents-in-Suit.

**Objections and Response to Topic 24**

Takeda objects to this deposition topic to the extent that certain of the information sought is protected by the attorney-client privilege, the work-product doctrine, and/or certain other privileges, doctrines or immunities. Without waiver of the General or foregoing objections, Takeda will produce a witness to testify generally as to any prior art identified by Takeda in connection with the '994 patent-in-suit. Takeda has no knowledge as to this topic with regard to the '632 patent-in-suit so is unable to produce a witness.

**Topic 25.** Any terms of any claims of any of the Patents-in-Suit that Plaintiffs contend require construction by the Court, and the constructions proposed by Plaintiffs for each such term.

**Objections and Response to Topic 25**

Takeda objects to this topic on the ground that it seeks to circumvent the procedure for claim construction set forth in the Scheduling Order in this matter. Takeda will not produce a witness.

**Topic 26.** Any and all facts that support or negate any contention(s) by Plaintiffs that Teva has infringed, is infringing, or will infringe any claim of any of the Patents-in-Suit.

**Objections and Response to Topic 26**

Takeda objects to this topic on the ground that it seeks testimony as to legal conclusions. Takeda further objects to this topic on the ground that it seeks testimony by Takeda that implicates knowledge held by Takeda's outside counsel that said counsel are specifically prohibited from communicating to Takeda. Takeda further objects that, even if such communication were permitted, its content would be protected by the attorney-client privilege and/or work product immunity. Takeda will not produce a witness.

**Topic 27.** Any and all facts that support or negate any contention(s) by Plaintiffs that the sale of Teva's lansoprazole ODT formulation would cause irreparable injury to Plaintiffs, as those terms are used in *eBay, Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006).

**Objections and Response to Topic 27**

Takeda objects to this topic on the ground that it seeks testimony as to legal conclusions. Takeda further objects to this topic on the ground that it is so overbroad and non-specific that Takeda is unable to designate an individual who would be able to testify as to the information sought.

**Topic 28.** Any and all facts that support or negate any contention(s) by Plaintiffs that any remedies available at law would be inadequate to compensate Plaintiffs for any damages caused by the sale of Teva's lansoprazole ODT formulation, as those terms are used in *eBay, Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006).

**Objections and Response to Topic 28**

Takeda objects to this topic on the ground that it is overbroad and calls for testimony as to a legal conclusion. Takeda will not produce a witness.

**Topic 29.** Any and all facts that support or negate any contention(s) by Plaintiffs that the balance of hardships favors a permanent injunction preventing the sale of Teva's lansoprazole ODT formulation, as those terms are used in *eBay, Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006).

**Objections and Response to Topic 29**

Takeda objects to this topic on the ground that it is overbroad and calls for testimony as to a legal conclusion. Takeda will not produce a witness.

**Topic 30.** Any and all facts that support or negate any contention(s) by Plaintiffs that the public interest would not be disserved if the Court granted a permanent injunction preventing the sale of Teva's lansoprazole ODT formulation, as those terms are used in *eBay, Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006).

**Objections and Response to Topic 30**

Takeda objects to this topic on the ground that it is overbroad and calls for testimony as to a legal conclusion. Takeda will not produce a witness.

**Topic 31.** All license agreements or settlement agreements relating to or concerning the Patents-in-Suit, Related Patents, patents issuing from Foreign Counterpart Applications, lansoprazole ODT formulations, or products that Plaintiffs contend embody any claims of any of the Patents-in-Suit.

**Objections and Response to Topic 31**

Takeda objects to this topic to the extent that it is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Subject to and without waiving those or any other objection, and to the extent that Takeda has knowledge of the topic, Takeda will produce a witness to testify as to all license agreements or settlement agreements, to which it is a party, relating to or concerning the Patents-in-Suit, Related Patents, lansoprazole ODT formulations, or products that Plaintiffs contend embody any claims of any of the Patents-in-Suit.

**Topic 32.** All communications between Plaintiffs relating to or concerning the Patents-in-Suit, Related Patents, patents issuing from Foreign Counterpart Applications, lansoprazole ODT formulations, or products that Plaintiffs contend embody any claims of any of the Patents-in-Suit, including but not limited to all correspondence, discussions, meetings, or conferences (whether in person, by telephone, by letter, by e-mail or otherwise).

**Objections and Response to Topic 32**

Takeda objects to this topic on the ground that it is so overbroad and non-specific that Takeda is unable to designate an individual who would be able to testify as to the information sought. Please identify more specifically the communications about which Teva is seeking testimony, so that Takeda may provide a witness. If Teva is seeking testimony as to particular documents, please so indicate which documents by Bates numbers.

**Topic 33.** Plaintiffs' ownership of and/or interest in the Patents-in-Suit, including but not limited to all assignments to and/or licenses granted by or to Plaintiffs of the Patents-in-Suit.

**Objections and Response to Topic 33**

Subject to and without waiving any General Objection or any other objection, Takeda will produce a witness to testify as to any ownership of and/or interest that Takeda may possess in the Patents-in-Suit, including but not limited to all assignments to and/or licenses granted by or to Takeda of the Patents-in-Suit to the extent that Takeda has such knowledge.

**Topic 34.** All royalties and/or other payments made to or by Plaintiffs in connection with the sales or licensing of any drug product, compound, and/or formulation embodying any claim of the Patents-in-Suit, including but not limited to Prevacid SoluTab®.

**Objections and Response to Topic 34**

Subject to and without waiving any General Objection or any other objection, Takeda will produce a witness to testify as to all royalties and/or other payments made to or by Takeda in connection with the sales or licensing of any drug product, compound, and/or formulation embodying any claim of the Patents-in-Suit, including but not limited to Prevacid SoluTab®.

**Topic 35.** Any conflict, opposition, nullity or infringement proceeding in the United States or any foreign country concerning the Patents-in-Suit, the filing of an ANDA for any ODT formulations, or the sale or offer for sale lansoprazole ODT formulations, including but not limited to the First Lansoprazole Action.

**Objections and Response to Topic 35**

Takeda objects to this topic to the extent that it seeks testimony as to information that is protected by the attorney-client privilege and/or work-product immunity. Subject to and without waiving this or any other objection, Takeda will produce a witness to testify as to this topic.

**Topic 36.** The opposition to Ethypharm patent EP 548,356 in the European Patent Office, including but not limited to any and all prior art identified by or invalidity arguments asserted by any third party relating to the opposition.

**Objections and Response to Topic 36**

Takeda responds that it has no knowledge as to this topic and so is unable to produce a witness.

**Topic 37.** The date and circumstances relating to when Takeda and/or TAP first learned and/or became aware of the revocation of Ethypharm patent EP 548,356 in the European Patent Office.

**Objections and Response to Topic 37**

Takeda objects to this topic to the extent that it seeks testimony as to information that is protected by the attorney-client privilege and/or work-product immunity. Subject to and without waiving this or any other objection, Takeda will produce a witness to testify as to this topic.

**Topic 38.** The amount of annual sales of any drug product, compound, and/or formulation embodying any claim of the Patents-in-Suit from 1995 to the present.

**Objections and Response to Topic 38**

Takeda objects to this deposition topic as calling for information more appropriately addressed by TAP. TAP was and is primarily responsible for the commercialization, use, sale, advertising and marketing of products embodying the Patents-in-Suit in the United States.

**Topic 39.** Any "secondary considerations of non-obviousness," including but not limited to unexpected results or commercial success, that support or negate the validity of any of the claims of the Patents-in-Suit.

**Objections and Response to Topic 39**

Takeda objects to this topic on the ground that it calls for testimony as to a legal conclusion. Takeda further objects to this topic on the ground that it seeks testimony as to matters that will be the subject of expert reports, and thus the topic seeks to circumvent the procedure for expert discovery set forth in the Scheduling Order in this matter. Takeda will not produce a witness.

**Topic 40.** The content and purpose of any advertising or marketing materials created by or for Plaintiffs related to any drug product, compound, and/or formulation embodying any claim of the Patents-in-Suit, including but not limited to Prevacid SoluTab®.

**Objections and Response to Topic 40**

Takeda objects to this deposition topic as calling for information more appropriately addressed by TAP. TAP was and is primarily responsible for the advertising and marketing of products embodying the Patents-in-Suit in the United States.

**Topic 41.** The budget for any advertising or marketing campaign created by or for Plaintiffs related to any drug product, compound, and/or formulation embodying any claim of the Patents-in-Suit, including but not limited to Prevacid SoluTab®.

**Objections and Response to Topic 41**

Takeda objects to this deposition topic as calling for information more appropriately addressed by TAP. TAP was and is primarily responsible for the advertising and marketing of products embodying the Patents-in-Suit in the United States.

**Topic 42.** The organization of, and persons employed in, any department, division or other group within Takeda, TAP, and/or Ethypharm that was or is responsible for the research, development, marketing, offering for sale, or sale of Plaintiffs' lansoprazole ODT formulation.

**Objections and Response to Topic 42**

Subject to and without waiving any General Objection or any other objection, Takeda will produce a witness to testify as to the organization of, and persons employed in, any department, division or other group within Takeda which was or is responsible for the research, development, marketing, offering for sale, or sale of Plaintiffs' lansoprazole ODT formulation.

**Topic 43.** All document retention policies in effect at Takeda, TAP, and/or Ethypharm at any time between 1981 and the present.

**Objections and Response to Topic 43**

Subject to and without waiving any General Objection or any other objection, Takeda will produce a witness to testify as to all document retention policies in effect at Takeda at any time between 1981 and the present.

**Topic 44.** Plaintiffs' search for, assembly of, and production of documents in response to Defendant Teva Pharmaceuticals USA, Inc.'s requests for the production of documents and things to Plaintiffs, including but not limited to the custodians of such documents.

**Objections and Response to Topic 44**

Takeda objects to this topic on the ground that it seeks testimony as to information protected by work-product immunity. Takeda will not produce a witness to testify as to this topic.

**Topic 45.** All documents considered or reviewed in connection with the preparation and submission of Plaintiffs' responses to any interrogatories propounded by Teva in this action.

**Objections and Response to Topic 45**

Takeda objects to this topic on the ground that it seeks testimony as to information protected by work-product immunity. Takeda will not produce a witness to testify as to this topic.

**Topic 46.** The identity of all persons that assisted in, or were consulted in connection with, the preparation and submission of Plaintiffs' responses to any interrogatories propounded by Teva in this action.

**Objections and Response to Topic 46**

Takeda objects to this topic to the extent that it seeks testimony as to information protected by attorney-client privilege and/or work-product immunity, and to the extent that it is not reasonably calculated to lead to the discovery of relevant and admissible evidence. Takeda will not produce a witness to testify as to this topic.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Plaintiffs*
*Takeda Pharmaceutical Company Limited, TAP*
*Pharmaceutical Products Inc., and Ethypharm, S.A.*

*Of Counsel:*

Eric J. Lobenfeld
Tedd W. Van Buskirk
Arlene L. Chow
Dillon Kim
HOGAN & HARTSON LLP
875 Third Avenue
New York, New York 10022
(212) 918-3000

{00222545;v1}

Philippe Y. Riesen
HOGAN & HARTSON LLP
Shinjuku Center Building, 46th Floor
25-1 Nishi-Shinjuku 1-chome
Shinjuku, Tokyo 163-0646
Japan
(81) 3-5908-4070

*Attorneys for Plaintiff Takeda Pharmaceutical Company Limited*


Dated:  June 10, 2008