IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LTD., TAP PHARMACEUTICAL PRODUCTS INC., and ETHYPHARM, S.A.,<br><br>    Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC., and TEVA PHARMACEUTICAL INDUSTRIES LTD.,<br><br>    Defendants and Counterclaim-Plaintiffs. | Civil Action No.:<br>1:07-cv-00331-SLR |

## NOTICE OF SUBPOENA TO CAESAR, RIVISE, BERNSTEIN, COHEN & POKOTILOW, LTD.

TO: Steven J. Balick
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants and Counterclaim-Plaintiffs Teva Pharmaceuticals USA, Inc. ("Teva USA") and Teva Pharmaceutical Industries Ltd. ("Teva Ltd."), by their counsel, intend to serve the accompanying subpoena for the production of documents on Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd. ("Caesar, Rivise, Bernstein, Cohen & Pokotilow).

The subpoena commands Caesar, Rivise, Bernstein, Cohen & Pokotilow to produce documents and things, pursuant to Fed. R. Civ. P. 45, concerning the categories identified in Schedule A attached to the subpoena. The document production will take place on September

7995727.1

15, 2008 at 9:30 a.m., at the offices of Young Conaway Stargatt & Taylor LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801, or at such alternative date, time, and place as may be mutually agreed upon by counsel for Teva USA, Teva Ltd. and Caesar, Rivise, Bernstein, Cohen & Pokotilow.

Dated: August 13, 2008

YOUNG CONAWAY STARGATT & TAYLOR LLP

/s/ KAREN L. PASCALE
Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
John W. Shaw (No. 3362) [jshaw@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Phone: 302-571-6600
Fax: 302-571-1253

SUTHERLAND ASBILL & BRENNAN LLP
John L. North
Jeffrey J. Toney
Ann G. Fort
999 Peachtree Street
Atlanta, Georgia 30309-3996
Phone: 404-853-8000
Fax: 404-853-8806

Attorneys for Defendants and Counterclaim-Plaintiffs
Teva Pharmaceuticals USA, Inc. and
Teva Pharmaceutical Industries Ltd.

# UNITED STATES DISTRICT COURT

## DISTRICT OF DELAWARE

TAKEDA PHARMACEUTICAL COMPANY LTD.,
TAP PHARMACEUTICAL PRODUCTS INC., and
ETHYPHARM, S.A.,

      Plaintiffs and
      Counterclaim-Defendants,

v.

TEVA PHARMACEUTICALS USA, INC. and
TEVA PHARMACEUTICAL INDUSTRIES LTD.,

      Defendants and
      Counterclaim-Plaintiffs.

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 1:07-cv-00331-SLR
District of Delaware

TO:   Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd.
       1635 Market Street, 11th Floor
       Philadelphia, PA 19103-2212
       Tel.: (215) 567-2010

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY: | COURTROOM: |
|---|---|
|  | DATE AND TIME: |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. *(The deposition shall be recorded by stenographic and videographic means before a notary public or other officer authorized by law to administer oaths. Some or all of the deposition testimony may involve real-time computer connection between the deposition taker and court reporter using software such as "LiveNote.")*

| PLACE OF DEPOSITION: | DATE AND TIME: |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents and objects): See Schedule A

| PLACE:<br>Young Conaway Stargatt & Taylor LLP<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801<br>Tel.: (302) 571-6600 | DATE AND TIME:<br><br>September 15, 2008<br>9:30 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES: | DATE AND TIME: |
|---|---|

7995717.1

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE: August 13, 2008 |
|---|---|
| Ann G. Fort<br>Attorney for Teva Pharmaceuticals USA, Inc. and<br>Teva Pharmaceutical Industries Ltd. | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:
    Ann G. Fort
    Sutherland Asbill & Brennan LLP
    999 Peachtree Street, NE
    Atlanta, Ga 30309
    Tel : (404) 853-8493

7995717.1

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

   (1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

   (2)   (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

         (B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

   (3)   (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
         (i)   fails to allow reasonable time for compliance;
         (ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, expect that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
         (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
         (iv)  subjects a person to undue burden.

         (B)  If a subpoena
         (i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
         (ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the experts's study made not at the request of any party, or
         (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect the person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

   (1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# SCHEDULE A

# DEFINITIONS

The following definitions apply to the deposition topics set forth below:

1. The term "Caesar, Rivise, Bernstein, Cohen & Pokotilow" means Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd., including its parents, predecessors, successors, divisions, subsidiaries, affiliates, partnerships and joint ventures, as well as its current or former partners, associates, officers, directors, employees, patent agents, other agents, consultants and representatives.

2. The term "Takeda" means Takeda Pharmaceutical Company, Ltd., including its parents, predecessors, successors, divisions, subsidiaries, affiliates, partnerships and joint ventures, as well as its current or former officers, directors, employees, agents, consultants and representatives.

3. The term "TAP" means TAP Pharmaceutical Products Inc., including its parents, predecessors, successors, divisions, subsidiaries, affiliates, partnerships and joint ventures, as well as its current or former officers, directors, employees, agents, consultants and representatives.

4. The term "Ethypharm" means Ethypharm, S.A., including its parents, predecessors, successors, divisions, subsidiaries, affiliates, partnerships and joint ventures, including but not limited to Laboratoires Prographarm, as well as its current or former officers, directors, employees, agents, consultants and representatives.

5. The term "patents-in-suit" means, individually or collectively, U.S. Patent No. 4,628,098; U.S. Patent No. 5,045,321; U.S. Patent No. 5,464,632; and/or U.S. Patent No. 6,328,994.

7995721.1

6.  The term "Orange Book Patents" means, individually or collectively, U.S. Patent No. 4,628,098; U.S. Patent No. 5,045,321; U.S. Patent No. 5,464,632; and/or U.S. Patent No. 6,328,994.

7.  The term "'632 patent" means United States Patent No. 5,464,632.

8.  The term "lansoprazole" means:

   a.  the compound having the chemical formula $C_{16}H_{14}F_3N_3O_2S$ and IUPAC name 2-[[[3-methyl-4-(2,2,2-trifluroethoxy)-2-pyridyl]methyl]sulfinyl] benzimidazole;

   b.  any drug including such compound as an active ingredient;

   c.  any drug which is the subject of TAP's NDA No. 21-428; or

   d.  any drug marketed as lansoprazole ODT or Prevacid SoluTab®.

9.  The term "ODT" means orally disintegrating tablet(s).

10.  The term "Foreign Counterpart Application" means any patent application filed anywhere in the world outside the United States that claims priority in whole or any part from an application that resulted in a given patent, that is the basis for a claim of priority in whole or in part (including without limitation claims of benefits under 35 U.S.C. §§ 199(e) or 120) for a given patent, or that discloses the same subject matter as a given patent.

11.  The term "Related Application" means any parent or ancestral application related in any way to a given patent, including any continuing application, continuation in part application, divisional application, file-wrapper continuation, reexamination proceeding, reissue application, abandoned application, or foreign counterpart application.

12.  The term "Related Patent" means any patent that issued from an Related Application.

13. The term "Prior Art" is used in the same sense that it is used in 35 U.S.C. § 103 and includes any patent, printed publication, prior knowledge, prior use, prior sale or offer for sale, or any other act or event defined in 35 U.S.C. § 102, taken singly or in combination.

14. The term "document" shall have the broadest meaning provided by Rules 26 and 34 of the Federal Rules of Civil Procedure, encompassing any medium upon which any information is recorded, and includes any kind of written, typewritten, printed, graphic, electronically stored, magnetically stored, optically stored, or recorded material whatsoever in your possession, custody, or control, or available or obtainable by you or of which you have knowledge. The term "document" includes, without limitation, all originals, copies, drafts, or other nonconforming copies (such as a copy containing comments or notations that are not part of the original text).

15. The term "person" means any natural person and any and all other business or legal entities, including, without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations and governmental bodies or agencies, as well as divisions, departments or other units thereof.

16. The terms "communicate" or "communication" means any disclosure, transfer, transmission or exchange of information between individuals or companies; whether person-to-person, in a group, by telephone, by electronic mail, by letter, by facsimile, telex or telecopy, or by any other process; whether direct or through an intermediary.

17. The term "identify" means to state:

    a. in the case of a natural person, the person's full name, present or last known address, present or last known telephone number, present or last

  known place of employment, and their title at the present or last known employment;

 b. in the case of a person, other than a natural person, its name, the address of its principal place of business, its telephone number, and the name of its chief executive officer(s);

 c. in the case of a document, the title of the document, the date of the document, the names of its author(s) and all recipients, and the bates numbers of the documents;

 d. in the case of an oral statement, who made the statement, who you contend heard the statement, when the statement was made, and the contents of the statement.

18. The terms "concern" and "concerning" are used in their broadest sense and include all matter relating to, referring to, describing, discussing, depicting, identifying, evidencing or constituting the referenced subject.

19. Documents that "refer to" or "relate to" any given matter mean documents that concern, contain, discuss, describe, analyze, embody, comment upon, identify, incorporate, summarize, refer to, relate to, reflect, state, constitute, comprise or are otherwise pertinent to the matter or any aspect thereof.

20. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request any information or documents which might otherwise be construed to be outside of its scope.

21. The terms "each," "any" and "all" shall be construed individually to mean each and every.

22. The term "including" shall mean "including but not limited to."

23. Any noun used in the singular form shall be construed and applied so to include the plural form also, and vice versa.

24. The term "Cabinet Plausseraud" shall mean Cabinet Plausseraud, including its parents, predecessors, successors, divisions, subsidiaries, affiliates, partnerships and joint ventures, as well as its current or former partners, associates, officers, directors, employees, patent agents, other agents, consultants and representatives.

## INSTRUCTIONS

1. Pursuant to Rule 45 and Rule 34 of the Federal Rules of Civil Procedure, this subpoena requires that Caesar, Rivise, Bernstein, Cohen & Pokotilow produce all responsive documents in its possession, custody, or control, or in the possession, custody or control of its partners, associates, officers, directors, employees, agents, representatives or any other affiliated entity or person, wherever such documents are located.

2. Documents should be produced in the same file or other organizational environment in which they are maintained, as required by Federal Rule of Civil Procedure 34. For example, a document that is part of a file, docket or other grouping should be physically produced together with all other documents from said file, docket or grouping responsive to said request, in the same order or manner of arrangement as the original. Additionally, a document should be produced stapled, clipped or otherwise bound or connected in the same manner as the original.

3. To the extent that Caesar, Rivise, Bernstein, Cohen & Pokotilow asserts that any documents, objects, or things may be of a confidential nature, Caesar, Rivise, Bernstein, Cohen & Pokotilow may seek the protections of the Protective Order entered in this case (a copy of which is attached hereto as Exhibit 1).

4. If Caesar, Rivise, Bernstein, Cohen & Pokotilow contends that any document requested to be produced is protected from discovery by the attorney-client privilege, work product immunity, or other ground of privilege or immunity, then Caesar, Rivise, Bernstein, Cohen & Pokotilow shall identify for each such document:

(a) the date of the document;

(b) the name, affiliations, and title or position of the author(s) of the document;

(c) the name, affiliations, and title or position of all persons designated as addressees or otherwise receiving or having seen copies of the document;

(d) the general subject matter of the document;

(e) the type of document (memorandum, letter, report, handwritten notes, etc.);

(f) the specific grounds for withholding the document, including the specific facts upon which Caesar, Rivise, Bernstein, Cohen & Pokotilow will rely to establish the asserted attorney-client privilege, work product immunity, or other ground of privilege or immunity; and

(g) any other information required by applicable rules or law.

5. If Caesar, Rivise, Bernstein, Cohen & Pokotilow contends that any of the following requests is objectionable in whole or in part, Caesar, Rivise, Bernstein, Cohen & Pokotilow shall state with particularity each objection, the reasons for the objection, and the categories of information to which the objections applies, and, as required by Fed. R. Civ. P. 34(b), Caesar, Rivise, Bernstein, Cohen & Pokotilow shall respond to the part of the request that is not objectionable.

## **DOCUMENTS TO PRODUCE**

1.     All documents in the possession of Caesar, Rivise, Bernstein, Cohen & Pokotilow that memorialize communications between Caesar, Rivise, Bernstein, Cohen & Pokotilow and Laboratories Prographarm and/or Cabinet Plausseraud, including but not limited to the "system for memorializing such correspondence" identified by Alan H. Bernstein during his deposition on August 7, 2008.

# CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on August 13, 2008, copies of the foregoing document were served upon the following counsel of record in the manner indicated below:

### *By Hand Delivery and E-Mail*

Steven J. Balick  [sbalick@ashby-geddes.com]
John G. Day  [jday@ashby-geddes.com]
Lauren Maguire  [lmaguire@ashby-geddes.com]
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
*Attorneys for Plaintiffs*

### *By E-Mail*

Eric J. Lobenfeld  [ejlobenfeld@hhlaw.com]
Tedd W. Van Buskirk  [twvanbuskirk@hhlaw.com]
Arlene L. Chow  [alchow@hhlaw.com]
Dillon Kim  [dkim@hhlaw.com]
HOGAN & HARTSON LLP
875 Third Avenue
New York, NY 10022
(212) 918-3000

Philippe Y. Riesen  [pyriesen@hhlaw.com]
HOGAN & HARTSON LLP
Shinjuku Center Building, 46th Floor
25-1 Nishi-Shinjuku 1-chome
Shinjuku, Tokyo 163-0646
Japan
(81) 3-5908-0470

Richard de Bodo  [rdebodo@hhlaw.com]
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 785-4600
*Attorneys for Plaintiff Takeda Pharmaceutical Company Ltd.*

William F. Cavanaugh, Jr. [wfcavanaugh@pbwt.com]
Stuart E. Pollack [sepollack@pbwt.com]
Chad J. Peterman [cjpeterman@pbwt.com]
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000
*Attorneys for Plaintiff TAP Pharmaceutical Products Inc.*

Paul A. Ragusa [Paul.Ragusa@bakerbotts.com]
Lisa B. Kole [Lisa.Kole@bakerbotts.com]
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, New York 10112-4498
*Attorneys for Plaintiff Ethypharm S.A.*

August 13, 2008

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
John W. Shaw (#3362) [jshaw@ycst.com]
Karen L. Pascale (# 2903) [kpascale@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600

- and –

SUTHERLAND ASBILL & BRENNAN LLP
John L. North
Jeffrey J. Toney
Ann G. Fort
999 Peachtree Street
Atlanta, Georgia 30309-3996
Telephone:   404-853-8000

*Attorneys for Defendants and Counterclaim-Plaintiffs, Teva Pharmaceutical Industries, Ltd. and Teva Pharmaceuticals USA, Inc.*

2